**COMPOSITE EXHIBIT 1**



**JOSEPH ABRUZZO**
CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY

**CASE NUMBER:** 50-2020-CA-009624-XXXX-MB
**CASE STYLE:** DEAN, BRIAN V CANON SOLUTIONS AMERICA INC

Dockets & Documents

Public = ☐          VOR = ☐          In Process = ☐

Page Size:  All ▾

| | Docket Number | Effective Date | Description |
|---|---|---|---|
| ☐ | 1 | 09/08/2020 | CIVIL COVER SHEET |
| ☐ | 2 | 09/08/2020 | SUMMONS ISSUED |
| ☐ | 3 | 09/08/2020 | SUMMONS ISSUED |
| ☐ | 4 | 09/08/2020 | COMPLAINT |
| | 5 | 09/09/2020 | DIVISION ASSIGNMENT |
| ☐ | 6 | 09/09/2020 | PAID $421.00 ON RECEIPT 3738306 |
| ☐ | 7 | 09/29/2020 | MOTION TO DISMISS |
| ☐ | 8 | 11/03/2020 | COMPLAINT |
| ☐ | 9 | 11/11/2020 | MOTION TO DISMISS |
| ☐ | 10 | 11/30/2020 | NOTICE OPPOSITION TO DFTS MOTION TO DISMISS PLTS FIRST AMENDED COMPLAINT F/B PLT |
| ☐ | 11 | 01/11/2021 | NOTICE OF FILING INTERROGS |
| ☐ | 12 | 02/10/2021 | MOTION FOR EXTENSION OF TIME |
| ☐ | 13 | 02/10/2021 | NOTICE OF HEARING |
| ☐ | 14 | 03/16/2021 | MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| ☐ | 15 | 03/18/2021 | AGREED ORDER DHAFELE DTD 03/18/2021 GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT IS HEREBY GRANTED. PLTF'S SECOND AMENDED COMPLAINT SHALL BE CONSIDERED FILED FROM THE DATE OF THIS ORDER. DFTS SHALL HAVE 20 DAYS FROM THE DATE OF THIS ORDER TO FILE THEIR RESPONSE. |
| ☐ | 16 | 03/29/2021 | NOTICE OF HEARING |
| ☐ | 17 | 03/29/2021 | MOTION TO DISMISS |
| ☐ | 18 | 05/11/2021 | NOTICE OF HEARING |

| | 19 | 05/12/2021 | RESPONSE TO: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT F/B PLTS |
| | 20 | 05/18/2021 | NOTICE OF UNAVAILABILITY |
| | 21 | 05/21/2021 | ORDER D HAFELE DTD 5/20/2021 DFTS MOTION TO DISMISS PLTFS 2ND AMENDED COMPLAINT - GRANTED FOR THE REASONS SET FORTH ON THE RECORD AT THE 5/17/2021 HEARING AND AS FURTHER SET FORTH IN THIS ORDER. PLTF SHALL HAVE 20 DAYS FROM THE DATE OF THIS ORDER TO FILE A 3RD AMENDED COMPLAINT AS TO COUNTS I & II. DFT MIKE KING IS DISMISSED FROM THIS ACTION WITH PREJUDICE. THE CAPTION TO THIS CASE SHALL BE AMENDED TO EXCLUDE DFT MIKE KING. **SEE ORDER** BOOK 32522 PAGE 497-500 |
| | 22 | 06/02/2021 | COMPLAINT |



# Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 21998042**
**Date Processed: 09/09/2020**

| | |
|---|---|
| **Primary Contact:** | Jeffrey D. Fields Esq.<br>Canon U.S.A., Inc.<br>One Canon Park<br>Melville, NY 11747-3036 |
| **Electronic copy provided to:** | Steven Himelstein Esq. |

| | |
|---|---|
| **Entity:** | Canon Solutions America, Inc.<br>Entity ID Number  2260433 |
| **Entity Served:** | Canon Solutions America, Inc. |
| **Title of Action:** | Brian Dean vs. Canon Solutions America, Inc. |
| **Matter Name/ID:** | Brian Dean vs. Canon Solutions America, Inc. (10494548) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Palm Beach County Circuit Court, FL |
| **Case/Reference No:** | 502020CA009624XXXXMB |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 09/09/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | A. Andrew Obeidy<br>305-892-5454 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**** CASE NUMBER: 502020CA009624XXXXMB Div: AG ****

Filing # 112977355 E-Filed 09/08/2020 10:26:58 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **BRIAN DEAN**, an individual, | **CASE NO.:** |
| Plaintiff, | |
| vs. | **SUMMONS** |
| **CANON SOLUTIONS AMERICA, INC.**, a National Company; and **MIKE KING**, an individual, | |
| Defendants. | |

THE STATE OF FLORIDA:
To Each Sheriff of the State:.
    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

    SERVE:        **CANON SOLUTIONS AMERICA, INC.**

    BY SERVING:    **CORPORATION SERVICE COMPANY**
                    1201 Hays Street
                    Tallahassee, FL 32301-2525

    Defendant is required to serve written defenses to the Statement of Claim on Plaintiff's Attorney, whose address is:

               ANDREW OBEIDY, ESQUIRE
               2755 E. OAKLAND PARK BLVD.
               SUITE 225
               FORT LAUDERDALE, FL 33306
               (305) 892-5454

within 20 days after service of this Summons on the above-named Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Statement of Claim.

Robyn L. Buda
Cert. Process Server ID #247
2nd Judicial Circuit Florida
Date 9-9-20 Time 12:45p

**SUMMONS**
- 1 of 3 -

1
2
3
## IMPORTANT

4   A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is
    served on you to file a written response to the attached Statement of Claim in this Court. A
5   phone call will not protect you; your written response, including the above case number and
    named parties, must be filed if you want the court to hear your case. If you do not file your
6   response on time, you may lose the case, and your wages, money and property may thereafter be
    taken without further warning from the Court. You may want to call an attorney right away. If
7   you do not know an attorney, you may call an attorney referral service or a legal aid office (listed
    in the phone book).
8
9         If you choose to file a written response yourself, at the same time you file your written
    response with the Court, located at:
10
11  Additional Court              Palm Beach County Courthouse
    locations are listed          Clerk of the Courts
12  in the local phone            205 N. Dixie Hwy.
    directory                     West Palm Beach, Florida 33401
13
14  You must also mail or take a carbon copy or photocopy of your written response to the
    "Plaintiff/Plaintiff's Attorney" named above.
15
16  **WITNESS my hand and the Seal of said Court**
    DATED ON _____Sep 09 2020_____ 2020
17
18                                      SHARON R. BOCK
                                        Clerk of the Court
19
                                        By _____Blake Smith_____
20                                      As Deputy Clerk      BLAKE SMITH
                                        COURT SEAL
21
22
23
24
25
26
27
28

SUMMONS
- 2 of 3 -

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada arriba como "Plaintiff/Plaintiff's Attorney."  (Demandante or Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pur deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom de parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, fair parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

1
2   **A. ANDREW OBEIDY, ESQ. (FBN 910341)**
    **OBEIDY & ASSOCIATES, P. A.**
    115 Northeast 3rd Avenue, Suite 708
3   Fort Lauderdale, Florida 33301
    Telephone:    (305) 892-5454
4   Telephone:    (954) 530-6953
    Facsimile:    (954) 206-6955
5   Andrew@obdlegal.com

6   **Attorney for Plaintiff Brian Dean**

7          **IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
8            **IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA**

9
10  | **BRIAN DEAN**, an individual, | **CASE NO.:** *pending* |
    |---|---|
11  | Plaintiff, | **COMPLAINT** |
12  | vs. | 1.  **Violation of the Florida Whistleblower** |
13  | **CANON SOLUTIONS AMERICA,** | **Act (Fla. Stat. §448.101)** as against |
14  | **INC.,** a National Company; and **MIKE** | Canon Solutions America |
    | **KING**, an individual, | 2.  **Tortious Interference with At-Will** |
15  | | **Employment** as against Mike King |
16  | Defendants. | |

17                          **PRELIMINARY ALLEGATIONS**
18
19                                    **(Parties)**

20  1.   Plaintiff Brian Dean hereinafter referred to as "Plaintiff") is an individual residing in the
21       county of Palm Beach, state of Florida.

22  2.   Plaintiff alleges Canon Solutions America, Inc. (hereinafter referred to as "Defendant
23       Canon"), is, and at all times material hereto was, a multi-national company, authorized
24       to do business and doing business in, the state of Florida.
25
26  3.   Plaintiff alleges that Mike King (hereinafter referred to as "Defendant King"), is an
27       individual residing in the county of Palm Beach, state of Florida.

28

**(Vicarious Liability)**

4.  Plaintiff alleges that Defendant King was acting, at least in part, within the course, scope and authority of his employment with Defendant Canon Solutions America.

5.  Whenever Plaintiff alleges that Defendant King was acting within the course, scope and authority of his employment with Defendant Canon Solutions America, Plaintiff will make the specific allegation in the body of the named cause of action.

**(Venue)**

6.  The contracts alleged herein were entered into in the county of Palm Beach, state of Florida, the acts and transactions herein alleged took place in the county of Palm Beach, state of Florida.

**(Jurisdiction)**

7.  This is an action for damages in excess of the sum of fifteen thousand dollars ($15,000.00) exclusive of interest, costs and/or attorneys' fees.

**FIRST CAUSE OF ACTION**
**Violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §448.101**
**(As against Defendant Canon Solutions America)**

8.  Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 7 above, as though fully set forth at length herein.

9.  This is an action for violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §§448.102(3), which provides in pertinent part as follows:

Prohibitions – An employer may not take any retaliatory personnel action against an employee because the employee has:

(3)   Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

10. At all times material hereto, Plaintiff was an Employee as defined by Fla. Stat.

§448.101(2).

11.  At all times material hereto, Defendant Canon Solutions America, LLC was an Employer as defined by Fla. Stat. §448.101(3).

12.  At all times material hereto, Plaintiff held the title of Senior Account Executive.  Plaintiff was qualified for the position he held and worked diligently during his employment.

13.  Throughout his employment with Defendant Canon, Plaintiff issued lawful complaints to Defendant Canon regarding disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King.

14.  Plaintiff issued these complaints in both verbally and in writing to Defendant Canon's Human Resource Department and Defendant Canon's South Florida Sales Director, Robert Chain.

15.  Defendant Canon violated Florida's Private Sector Whistleblower Act when it retaliated against Plaintiff for issuing the above-mentioned lawful complaints, through the conduct of its agents, servants, and/or employees.

16.  The retaliatory conduct taken against Plaintiff by Defendant Canon included, but was not limited to:

a)  Refusing to follow up on or investigate Plaintiff's complaints;

b)  Failing to reassign Plaintiff;

c)  Continuing to withhold necessary managerial support necessary to complete the duties and functions of his job;

d)  Evaluating Plaintiff on unrealistic and unfair metrics that did not account for the documented lack of support he received;

e)  Ignoring and ostracizing Plaintiff;

  f)  Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale;

  g)  Excluding Plaintiff as the only employee who did not get their picture taken for his role in the Hippocrates Health Institute Net New Business Deal;

  h)  Terminating Plaintiff's employment without cause;

17. Defendant Canon's actions as described above in Paragraph 16 violated Fla. Stat. §448.102 and constituted a prohibitive employment practice.

18. As a direct and proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, loss of retirement benefits, compensatory damages, lost wages and other employee benefits, all to his detriment, in an amount to be shown according to proof.

19. As a further proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to his detriment, in an amount to be shown according to proof.

20. Moreover, as a result of Defendant Canon's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Fla. Stat. §448.104.

21. Plaintiff demands judgment against Defendant Canon Solutions America, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Tortious Interference with at-will employment
### (as against Defendant Mike Mike)

28.   Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 7 above, as though fully set forth at length herein.

29.   Plaintiff alleges that at all times relevant to this cause of action, Defendant King was not acting within the course and scope of his employment, but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer, Defendant Canon Solutions America.

30.   Defendant King tortuously interfered with Plaintiff's at-will employment by;

1. Refusing and/or failing to provide Plaintiff with the managerial support he needed to complete the duties and functions of his job;

2. Refusing and/or failing to respond to Plaintiff's work-related emails and calls;

3. Failing to show up to scheduled meetings that were necessary for Plaintiff to complete the duties and conditions of his job;

4. Failing to timely provide Plaintiff with necessary paperwork that he needed to complete the duties and functions of his job;

5. Failing to complete weekly checks in Plaintiff in violation of Canon company policy;

6. Failing to follow the directives of his superiors and assist Plaintiff with various clients and accounts;

7. Sending false emails to his superiors that Plaintiff was "not in the office" when Plaintiff was in fact, at work; and

8. Re-assigning Plaintiff's customers, and subsequent commissions, to other account

executives not previously involved in facilitating the sale.

31. As a proximate result of Defendant King's tortious interference, as alleged herein, Plaintiff has suffered substantial losses and damages incurred in lost income, lost future income, bonuses, medical benefits and other compensation, back pay, front pay, and in earning capacity in an amount to be determined according to proof.

32. Plaintiff demands judgment against Defendant King, a trail by jury on all issues so triable, and any other relief the court deems just and proper.

### PRAYER FOR RELIEF AS AGAINST CANON SOLUTIONS AMERICA, LLC.

**WHEREFORE**, Plaintiff prays judgment against Defendant Canon, as follows:

1. For economic damages, including but not limited to, back pay, front pay, and lost wages for the first cause of action in an amount to be shown according to proof;

2. For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other general damages for the first cause of action, in an amount to be shown according to proof;

3. For reasonable attorneys' fees in an amount to be shown according to proof;

4. For an award of interest, including prejudgment interest, at the legal rate;

5. For costs and fees of suit herein incurred; and

6. For such other and further relief as this Court deems proper.

### PRAYER FOR RELIEF AS AGAINST DEFENDANT MIKE KING

**WHEREFORE**, Plaintiff prays judgment against Defendant King follows:

1. For general damages and non-economic damages, mental and emotional distress

damages, damages for anguish, and other special and general damages, in an amount to be shown according to proof, for the second cause of action;

2.      For an award of interest, including prejudgment interest, at the legal rate;

3.      For costs and fees of suit herein incurred; and

Dated this 8th of September, 2020.

Respectfully submitted,

**OBEIDY & ASSOCIATES, P.A.**

*/s/ A. Andrew OBeidy*
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff Brian Dean

**** CASE NUMBER: 502020CA009624XXXXMB Div: AG ****

Filing # 112977355 E-Filed 09/08/2020 10:26:58 AM

1
2

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA**

3

| | |
|---|---|
| 4  **BRIAN DEAN,** an individual, | **CASE NO.:** |
| 5   Plaintiff, | |
| 6  vs. | **SUMMONS** |
| 7 | |
| 8  **CANON SOLUTIONS AMERICA, INC.,** a National Company; and **MIKE KING,** an individual, | |
| 9 | |
| 10   Defendants. | |
| 11 | |

12 **THE STATE OF FLORIDA:**
13 **To Each Sheriff of the State:**
    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the
14 Complaint in this action on Defendant:

15
16      SERVE:        **MIKE KING**
                      1975 NW 154th Street
17                    Miami Lakes, FL 33016

18
19      Defendant is required to serve written defenses to the Statement of Claim on Plaintiff's
    Attorney, whose address is:

20
21                    ANDREW OBEIDY, ESQUIRE
                      2755 E. OAKLAND PARK BLVD.
22                    SUITE 225
                      FORT LAUDERDALE, FL 33306
23                    (305) 892-5454

24 within 20 days after service of this Summons on the above-named Defendant, exclusive of the
25 day of service, and to file the original of the defenses with the Clerk of this Court either before
   service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default
26 will be entered against that Defendant for the relief demanded in the Statement of Claim.

27
28

SUMMONS
- 1 of 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IMPORTANT**

A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Statement of Claim in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

　　　　　If you choose to file a written response yourself, at the same time you file your written response with the Court, located at:

Additional Court
locations are listed
in the local phone
directory

Palm Beach County Courthouse
Clerk of the Courts
205 N. Dixie Hwy.
West Palm Beach, Florida 33401

You must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

　　　**WITNESS my hand and the Seal of said Court**

DATED ON＿＿＿＿＿＿ Sep 09 2020 ＿＿2020



SHARON R. BOCK
Clerk of the Court

By *Blake Smith*
As Deputy Clerk
COURT SEAL     BLAKE SMITH

SUMMONS
- 2 of 3 -

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada arriba como "Plaintiff/Plaintiff's Attorney."  (Demandante or Abogado del Demandante).

**IMPORTANT**

Des poursuites Judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pur deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom de parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, fair parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 114092369 E-Filed 09/29/2020 10:00:44 AM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY FLORIDA

BRIAN DEAN, an individual,                                    CASE NO. 50-2020-CA-009624

      Plaintiff,

v.

CANON SOLUTIONS AMERICA, INC.,
a National company, and MIKE KING,
an individual,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Canon Solutions America, Inc. ("CSA") and Michael King ("King" and together with Canon the "Defendants"), through undersigned counsel, hereby file their Motion to Dismiss Plaintiff Brian Dean's ("Plaintiff") Complaint ("Motion") and in support thereof state as follows:

## INTRODUCTION

Through this action, Plaintiff seeks to assert a "Tortious Interference with At-Will Employment" claim against one of his former supervisors, King. However, **no such cause of action exists under Florida law**, and Florida law expressly states that there can be no tortious interference with an "at-will" relationship. Thus, Count II must be dismissed as a matter of law. In similar fashion, Plaintiff seeks to assert a cause of action under the Florida Private Whistleblower Act ("FWA") against CSA for alleged disparate racial treatment at the hands of King. However, Plaintiff fails to plead what law, rule, or regulation CSA allegedly violated that

*ACTIVE 52681780v5*

would bring CSA within the purview of the FWA, that King's actions were done within the scope of his employment with CSA, and assuming *arguendo* that there were any (which CSA denies), what the alleged discriminatory acts entailed. Thus, Count I fails to state a cause of action, and Plaintiff's Complaint should be dismissed in its entirety.

## LEGAL STANDARD

"Basically, the function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action." *Raney v. Jimmie Diesel Corp.*, 362 So. 2d 997, 998 (Fla. 3d DCA 1978). Even where a complaint is well-pled, a claim may be dismissed if it is clearly without any merit or if there is an absence of good law supporting it. *Martin v. Highway Equip. Supply Co.,* 172 So. 2d 246 (Fla. 2d DCA 1965). "Whether the allegations of a complaint are sufficient to state a cause of action is a question of law." *K.M. ex rel. D.M. v. Publix Super Mkts., Inc.*, 895 So. 2d 1114, 1116 (Fla. 4th DCA 2005). Legal conclusions, theories, opinions or conclusory allegations are never sufficient to state a cause of action and should be disregarded by the court. *See Am. Seafood, Inc. v. Clawson*, 598 So 2d 273, 274 (Fla. 3d DCA 1992); *Stein v. BBX Capital Corp.*, 241 So. 3d 874, 875 (Fla. 4th DCA 2018) ("While we must accept the facts alleged as true and make all reasonable inferences in favor of the pleader [internal citations omitted], conclusory allegations are insufficient.")(internal citations omitted).

## ARGUMENT

I.   **Count II, Against King for Tortious Interference with "At-Will Employment", Must Be Dismissed for Failure to State a Valid Cause of Action.**

Florida does **not** recognize a cause of action for "tortious interference with an at-will employment" relationship.  The closest potential claim (tortious interference with a contractual

2

relationship) expressly precludes a cause of action that is based on an "at-will" agreement. There is **nothing** that required CSA to continue to employ Plaintiff.

Florida law is clear that "an action for tortious interference will not lie where a party interferes with an at will contract." *Ferris v. S. Fla. Stadium Corp.*, 926 So. 2d 399, 401-402 (Fla. 3d DCA 2006); *Greenberg v. Mount Sinai Med. Ctr. Of Greater Miami, Inc.,* 629 So. 2d 252, 255 (Fla. 3d DCA 1993) (noting that "[t]he general rule is that an action for tortious interference will not lie where a party tortiously interferes with a contract terminable at will"); *Perez v. Rivero,* 534 So. 2d 914, 916 (Fla. 3d DCA 1988).

Plaintiff is also unable to maintain a tortious interference cause of action against King because he was not a third-party or stranger to the employment relationship between Plaintiff and CSA—**he was Plaintiff's supervisor.** *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.,* 742 So. 2d 381, 386 (Fla. 4th DCA 1999). "A defendant is not a 'stranger' to a business relationship if the defendant 'has any beneficial or economic interest in, or control over, that relationship.'" *Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.,* 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009) (citation omitted). A party **cannot be liable** for tortious interference "when it has a supervisory interest in how the relationship is conducted." *Id.; see also Wackenhut Corp. v. Maimone,* 389 So. 2d 656 (Fla. 4th DCA 1980) (reversing and remanding for judgment finding no tortious interference with an at-will employment contract).

Thus, Count II against King is frivolous and should be dismissed as a matter of law.

II.     **Count I, for Violation of Florida's Private Sector Whistleblower Act, § 448.101 Against CSA, Is Insufficiently Pled And Also Should Be Dismissed As a Matter of Law.**

In order to state a claim for relief under the FWA, a plaintiff must allege that: (1) "he engaged in statutorily protected expression;" (2) he "suffered a materially adverse action of the

3

type that would dissuade a reasonable employee from engaging in statutorily protected activity;" and (3) "there was a causal link between the events." *Rutledge v. SunTrust Bank*, 262 F. App'x 956, 958 (11th Cir. 2008). "Establishing the first element, engaging in statutorily protected expression, requires a plaintiff to allege that he or she 'objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) an illegal activity of anyone acting within the legitimate scope of their employment, or (iii) an illegal activity of an employee that has been ratified by the employer." *Bostain v. Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *2 (M.D. Fla. June 14, 2011). Plaintiff has failed to sufficiently plead that he engaged in statutorily protected expression, and thus his FWA claim against CSA fails as a matter of law.

### A.   <u>Plaintiff Has Failed to Sufficiently Allege That He Objected to An Illegal Activity.</u>

Fla. Stat. § 448.102(3) precludes an employer from taking "any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the employer <u>**which is in violation of a law, rule, or regulation.**</u>" (emphasis added). "'Law, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4). While Plaintiff has alleged that "[t]hroughout his employment with [CSA], Plaintiff issued lawful complaints to [CSA] regarding disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King," *see* Complaint, ¶ 13, he has failed to point to CSA's violation of any law, rule, or regulation as defined in the statute. *See Schultz, Jr. v. Tampa Elec. Co.*, 704 So. 2d 605, 606 (Fla. 2d DCA 1997) (affirming dismissal of action based on plaintiff's failure to identify in his pleadings the violation by plaintiff of any law, rule, or regulation.). Thus, Count I should be dismissed on this basis alone.

Even assuming *arguendo* that Plaintiff had identified a law, rule, or regulation sufficient to satisfy the FWA, he has failed to assert any ultimate facts in support of his sole allegation of wrongdoing. *See* Complaint, ¶ 13. Plaintiff's pleading is thus, in contravention to Florida law and must be dismissed. *See* Fla. R. Civ. P. 1.110(b)(2) ("A pleading . . . must state a cause of action and shall contain . . . (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief."); *Maiden v. Carter*, 234 So. 2d 168, 170 (Fla. 1st DCA 1970) ("It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted.").

### B. Count I Also Should Be Dismissed As A Matter of Law Because Plaintiff Failed to Allege That Mike King's Alleged Discriminatory Actions Occurred Within The Scope of His Employment With CSA.

The FWA provides that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the <u>employer</u> which is in violation of a law, rule or regulation." Fla. Stat. § 448.102(3) (emphasis added). "The actions of 'an employee as opposed to a defendant employer, is irrelevant to, and cannot adequately support a claim based on the FWA.'" *Bostain v. Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *2-3 (M.D. Fla. June 14, 2011); *see also Ruiz v. Aerorep Grp. Corp.*, 941 So. 2d 505, 506 (Fla. 3d DCA 2006) ("The Whistleblower's Act prohibits an employer from taking any retaliatory action against an employee for . . . a violation by the employer of a law, rule, or regulation."); *Douberley v. Burger King Corp.*, No. 8:06-cv-1844-T-17 EAJ, 2007 WL 1175757, at *4 (M.D. Fla. Apr. 20, 2007) (holding that an employee's allegedly criminal conduct was "irrelevant and inadequate in a claim based on the FWA because [the employee] was merely an employee . . . Plaintiff failed to allege any violation

5

of law, rule, or regulation by any Defendant-Employer."); *McIntyre v. Delhaize Am., Inc.*, No. 8:07-cv-2370-T-20TBM, 2009 WL 1039557 (M.D. Fla. 2009) (allegations of illegal dispensation of narcotics by employee insufficient to establish violation where no activity, policy, or practice of employer supported the conduct).

In support of Count I, Plaintiff only alleges that "[t]hroughout his employment with Defendant Canon, Plaintiff issued lawful complaints to Defendant Canon regarding disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King." *See* Complaint, ¶ 13. Nowhere in his Complaint does Plaintiff allege that the alleged disparate racial treatment (which CSA denies ever occurred) was an illegal policy or practice of CSA, an activity of King for which he was acting within the legitimate scope of his employment with CSA, or an activity of King that was later ratified by CSA.[1] *Bostain v. Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *2-3 (M.D. Fla. June 14, 2011) ("Plaintiffs fail to assert that their *employer* engaged in the complained of activity because the activity is not alleged to have been: (1) an illegal activity, policy, or practice of Westgate; (2) an activity committed by a Westgate *employee* acting within he legitimate scope of their employment; or (3) an activity of a Westgate *employee* that was later ratified by Westgate. By failing to allege that [plaintiff] objected to unlawful acts of her employer, Westgate, the Amended Complaint fails to allege that [plaintiff] engaged in statutorily protected expression."); *Sussan v. Nova Se. Univ.*, 723 So. 2d 933, 934 (Fla. 4th DCA 1999) ("Susan's complaint did not allege that he was terminated for objecting to illegal activity of either the University or anyone acting within the legitimate scope of their employment

---

[1] Furthermore, Plaintiff also does not allege in his Complaint that he objected to, or was subjected to, any illegal or unlawful law, policy, or practice once he was no longer reporting to King beginning in or around January 1, 2020.

6

or that the University ratified the illegal conduct of its employees."). Thus, Plaintiff's Count I should be dismissed.

While Plaintiff makes an allegation at paragraph 4 of his Complaint that "Defendant King was acting, at least in part, within the course, scope, and authority of his employment" with CSA, that allegation is limited by paragraph 5 of the Complaint, which alleges, "[w]henever [p]laintiff alleges that Defendant King was acting within the course, scope and authority of his employment with Defendant [CSA], Plaintiff will make the specific allegation in the body of the named cause of action." *See* Complaint, ¶¶ 4-5. **Plaintiff conspicuously fails to make the allegation that King acted within the scope of his employment in Count I of the Complaint**. *See* Complaint, ¶¶ 8-27.[2] Notwithstanding, pursuant to the FWA and generally "[u]nder Florida law, an employee acts, within the scope of his employment 'if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master." *Pinder v. Bahamasair Holdings Ltd., Inc.*, 661 F. Supp. 2d 1348, 1353 (S.D. Fla. 2009) (citing *Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992)—as discussed at length *supra*, Plaintiff has only alleged that he was subjected to "disparate racial treatment and retaliation" by King, but has failed to allege whether the alleged disparate treatment by King  even occurred during working hours, at CSA's premises, or in part by a purpose to serve CSA; nor are the acts complained of by Plaintiff "of the kind [King was] employed to perform." Thus, Plaintiff's Count I should be dismissed as a matter of law.

---

[2] Plaintiff alleges with regard to his tortious interference claim that "Defendant King was <u>not</u> acting within the course and scope of his employment, but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer, defendant Canon Solutions America." Plaintiff's selective pleading is inconsistent and implausible. It appears that Plaintiff would have us believe that King was acting within the scope of his employment only when it suits his pleading necessity.

WHEREFORE, Defendants Canon Solutions America, Inc. and Michael King respectfully request that their Motion to Dismiss be granted, and for such other relief as this Court deems just and proper.

Dated: September 29, 2020.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for Defendants Canon*
*Solutions America, Inc. and Michael King*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

By: */s/ Paul B. Ranis*
    PAUL B. RANIS
    Florida Bar No. 64408 (ranisp@gtlaw.com;
    scottla@gtlaw.com; FLService@gtlaw.com)
    SABRINA D. NIEWIALKOUSKI
    Fla. Bar No. 0123630 (niewialkouskis@gtlaw.com;
    scottla@gtlaw.com; FLService@gtlaw.com)

## CERTIFICATE OF SERVICE

I CERTIFY that on September 29, 2020 copy of the foregoing was electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal System, which will send a notice of electronic filing and copy to all known parties of record: Andrew Obeidy, Esq., 2755 E. Oaklnad Park Blvd., Suite 225 Fort Lauderdale, FL 33306, Andrew@obdlegal.com.

By: */s/ Paul B. Ranis*
    PAUL B. RANIS

Filing # 116077291 E-Filed 11/03/2020 03:02:42 PM

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A.**
115 Northeast 3rd Avenue, Suite 708
Fort Lauderdale, Florida 33301
Telephone:     (305) 892-5454
Telephone:     (954) 530-6953
Facsimile:     (954) 206-6955
Andrew@obdlegal.com

**Attorney for Plaintiff Brian Dean**

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **BRIAN DEAN**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CANON SOLUTIONS AMERICA, INC.**, a National Company; and **MIKE KING**, an individual,<br><br>Defendants. | **CASE NO.:** 50-2020-CA-009624-XXXX-MB<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  **Violation of the Florida Whistleblower Act (Fla. Stat. §448.101)** as against Canon Solutions America<br>2.  **Tortious Interference with At-Will Employment** as against Mike King |

## PRELIMINARY ALLEGATIONS

### (Parties)

1.   Plaintiff Brian Dean hereinafter referred to as "Plaintiff") is an individual residing in the county of Palm Beach, state of Florida.

2.   Plaintiff alleges Canon Solutions America, Inc. (hereinafter referred to as "Defendant Canon"), is, and at all times material hereto was, a multi-national company, authorized to do business and doing business in, the state of Florida.

3.   Plaintiff alleges that Mike King (hereinafter referred to as "Defendant King"), is an individual residing in the county of Palm Beach, state of Florida.

**(Vicarious Liability)**

4.   Plaintiff alleges that Defendant King was acting, at least in part, within the course, scope and authority of his employment with Defendant Canon Solutions America.

5.   Whenever Plaintiff alleges that Defendant King was acting within the course, scope and authority of his employment with Defendant Canon Solutions America, Plaintiff will make the specific allegation in the body of the named cause of action.

**(Venue)**

6.   The contracts alleged herein were entered into in the county of Palm Beach, state of Florida, the acts and transactions herein alleged took place in the county of Palm Beach, state of Florida.

**(Jurisdiction)**

7.   This is an action for damages in excess of the sum of fifteen thousand dollars ($15,000.00) exclusive of interest, costs and/or attorneys' fees.

**FIRST CAUSE OF ACTION**
**Violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §448.101**
**(As against Defendant Canon Solutions America)**

8.   Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 7 above, as though fully set forth at length herein.

9.   This is an action for violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §§448.102(3), which provides in pertinent part as follows:

Prohibitions – An employer may not take any retaliatory personnel action against an employee because the employee has:

(3)   Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

10.   At all times material hereto, Plaintiff was an Employee as defined by Fla. Stat.

§448.101(2).

11. At all times material hereto, Defendant Canon Solutions America, LLC was an Employer as defined by Fla. Stat. §448.101(3).

12. At all times material hereto, Plaintiff held the title of Senior Account Executive.  Plaintiff was qualified for the position he held and worked diligently during his employment.

13. Throughout his employment with Defendant Canon, Plaintiff issued lawful complaints to Defendant Canon regarding disparate racial treatment and retaliation that he was subjected to by his direct supervisor, Defendant King.

14. Plaintiff is informed, believes and thereon alleges that Defendant King was acting at least in part, within the scope and authority of his employment with Defendant Canon when he engaged in the discriminatory and retaliatory behavior complained of by Plaintiff.

15. Plaintiff had a reasonable faith belief that the disparate racial treatment and retaliation he complained of was a violation of state and federal law, specifically, Title VII of the Civil Rights Act and/or the Florida Civil Rights Act.

16. Plaintiff issued these complaints in both verbally and in writing to Defendant Canon's Human Resource Department and Defendant Canon's South Florida Sales Director, Robert Chain.

17. Defendant Canon violated Florida's Private Sector Whistleblower Act when it retaliated against Plaintiff for issuing the above-mentioned lawful complaints, through the conduct of its agents, servants, and/or employees.

18. The retaliatory conduct taken against Plaintiff by Defendant Canon included, but was not limited to:

a)      Refusing to follow up on or investigate Plaintiff's complaints;

b)     Failing to reassign Plaintiff;

c)     Continuing to withhold necessary managerial support necessary to complete the duties and functions of his job;

d)     Evaluating Plaintiff on unrealistic and unfair metrics that did not account for the documented lack of support he received;

e)     Ignoring and ostracizing Plaintiff;

f)     Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale;

g)     Excluding Plaintiff as the only employee who did not get their picture taken for his role in the Hippocrates Health Institute Net New Business Deal;

h)     Terminating Plaintiff's employment without cause;

19.    Defendant Canon's actions as described above in Paragraph 16 violated Fla. Stat. §448.102 and constituted a prohibitive employment practice.

20.    As a direct and proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, loss of retirement benefits, compensatory damages, lost wages and other employee benefits, all to his detriment, in an amount to be shown according to proof.

21.    As a further proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to his

detriment, in an amount to be shown according to proof.

22. Moreover, as a result of Defendant Canon's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Fla. Stat. §448.104.

23. Plaintiff demands judgment against Defendant Canon Solutions America, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Tortious Interference with at-will employment
### (as against Defendant Mike Mike)

28. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 7 above, as though fully set forth at length herein.

29. Plaintiff alleges that at all times relevant to this cause of action, Defendant King was not acting within the course and scope of his employment, but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer, Defendant Canon Solutions America.

30. Defendant King tortuously interfered with Plaintiff's at-will employment by;

   1. Refusing and/or failing to provide Plaintiff with the managerial support he needed to complete the duties and functions of his job;

   2. Refusing and/or failing to respond to Plaintiff's work-related emails and calls;

   3. Failing to show up to scheduled meetings that were necessary for Plaintiff to complete the duties and conditions of his job;

   4. Failing to timely provide Plaintiff with necessary paperwork that he needed to complete the duties and functions of his job;

   5. Failing to complete weekly checks in Plaintiff in violation of Canon company

policy;

6. Failing to follow the directives of his superiors and assist Plaintiff with various clients and accounts;

7. Sending false emails to his superiors that Plaintiff was "not in the office" when Plaintiff was in fact, at work; and

8. Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale.

31. As a proximate result of Defendant King's tortious interference, as alleged herein, Plaintiff has suffered substantial losses and damages incurred in lost income, lost future income, bonuses, medical benefits and other compensation, back pay, front pay, and in earning capacity in an amount to be determined according to proof.

32. Plaintiff demands judgment against Defendant King, a trail by jury on all issues so triable, and any other relief the court deems just and proper.

### PRAYER FOR RELIEF AS AGAINST CANON SOLUTIONS AMERICA, LLC.

**WHEREFORE**, Plaintiff prays judgment against Defendant Canon, as follows:

1. For economic damages, including but not limited to, back pay, front pay, and lost wages for the first cause of action in an amount to be shown according to proof;

2. For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other general damages for the first cause of action, in an amount to be shown according to proof;

3. For reasonable attorneys' fees in an amount to be shown according to proof;

4. For an award of interest, including prejudgment interest, at the legal rate;

5.    For costs and fees of suit herein incurred; and

6.    For such other and further relief as this Court deems proper.

## PRAYER FOR RELIEF AS AGAINST DEFENDANT MIKE KING

**WHEREFORE**, Plaintiff prays judgment against Defendant King follows:

1.    For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other special and general damages, in an amount to be shown according to proof, for the second cause of action;

2.    For an award of interest, including prejudgment interest, at the legal rate;

3.    For costs and fees of suit herein incurred; and

Dated this 3rd of November, 2020.

Respectfully submitted,

**OBEIDY & ASSOCIATES, P.A.**

/s/ A. Andrew OBeidy
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff Brian Dean

Filing # 116483441 E-Filed 11/11/2020 09:34:13 AM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY FLORIDA

BRIAN DEAN, an individual,                                       CASE NO. 50-2020-CA-009624

     Plaintiff,

v.

CANON SOLUTIONS AMERICA, INC.,
a National company, and MIKE KING,
an individual,

     Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Canon Solutions America, Inc. ("CSA") and Michael King ("King" and together with CSA the "Defendants"), through undersigned counsel, hereby file their Motion to Dismiss Plaintiff Brian Dean's ("Plaintiff") First Amended Complaint ("Motion")[1] and in support thereof state as follows:

## INTRODUCTION

Through this action, Plaintiff seeks to assert a "Tortious Interference with At-Will Employment" claim against one of his former supervisors, King. However, **no such cause of action exists under Florida law**, and Florida law expressly states that there can be no tortious interference with an "at-will" relationship.  Thus, Count II must be dismissed as a matter of law.

_____

[1] Plaintiff's First Amended Complaint is identical to Plaintiff's Complaint (save for paragraphs 14 and 15), which was the subject of a Motion to Dismiss filed by CSA that was pending in this Court prior to the filing of Plaintiff's First Amended Complaint.

CASE NO. 50-2020-CA-009624

In similar fashion, Plaintiff seeks to assert a cause of action under the Florida Private Whistleblower Act ("FWA") against CSA for alleged disparate racial treatment by King. However, Plaintiff fails to plead that King's alleged discriminatory actions were taken entirely within the scope of his employment with CSA, and assuming *arguendo* that there were any (which CSA denies), what the alleged discriminatory acts entailed. Thus, Count I fails to state a cause of action, and Plaintiff's First Amended Complaint should be dismissed in its entirety.

## LEGAL STANDARD

"Basically, the function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action." *Raney v. Jimmie Diesel Corp.*, 362 So. 2d 997, 998 (Fla. 3d DCA 1978). Even where a complaint is well-pled, a claim may be dismissed if it is clearly without any merit or if there is an absence of good law supporting it. *Martin v. Highway Equip. Supply Co.,* 172 So. 2d 246 (Fla. 2d DCA 1965). "Whether the allegations of a complaint are sufficient to state a cause of action is a question of law." *K.M. ex rel. D.M. v. Publix Super Mkts., Inc.*, 895 So. 2d 1114, 1116 (Fla. 4th DCA 2005). Legal conclusions, theories, opinions or conclusory allegations are never sufficient to state a cause of action and should be disregarded by the court. *See Am. Seafood, Inc. v. Clawson*, 598 So 2d 273, 274 (Fla. 3d DCA 1992); *Stein v. BBX Capital Corp.*, 241 So. 3d 874, 875 (Fla. 4th DCA 2018) ("While we must accept the facts alleged as true and make all reasonable inferences in favor of the pleader [internal citations omitted], conclusory allegations are insufficient.")(internal citations omitted).

CASE NO. 50-2020-CA-009624

## ARGUMENT

**I.     Count II, Against King for Tortious Interference with "At-Will Employment", Must Be Dismissed for Failure to State a Valid Cause of Action.**

Florida does **not** recognize a cause of action for "tortious interference with an at-will employment" relationship.  The closest potential claim (tortious interference with a contractual relationship) expressly precludes a cause of action that is based on an "at-will" agreement.  There is **nothing** that required CSA to continue to employ Plaintiff.

Florida law is clear that "an action for tortious interference will not lie where a party interferes with an at-will contract." *Ferris v. S. Fla. Stadium Corp.*, 926 So. 2d 399, 401-402 (Fla. 3d DCA 2006); *Greenberg v. Mount Sinai Med. Ctr. Of Greater Miami, Inc.,* 629 So. 2d 252, 255 (Fla. 3d DCA 1993) (noting that "[t]he general rule is that an action for tortious interference will not lie where a party tortiously interferes with a contract terminable at will"); *Perez v. Rivero,* 534 So. 2d 914, 916 (Fla. 3d DCA 1988).

Plaintiff is also unable to maintain a tortious interference cause of action against King because he was not a third-party or stranger to the employment relationship between Plaintiff and CSA—**he was Plaintiff's supervisor.** *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.,* 742 So. 2d 381, 386 (Fla. 4th DCA 1999). "A defendant is not a 'stranger' to a business relationship if the defendant 'has any beneficial or economic interest in, or control over, that relationship.'" *Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.,* 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009) (citation omitted).  A party **cannot be liable** for tortious interference "when it has a supervisory interest in how the relationship is conducted." *Id.; see also Wackenhut Corp. v. Maimone,* 389 So. 2d 656 (Fla. 4th DCA 1980) (reversing and remanding for judgment finding no tortious interference with an at-will employment contract).

CASE NO. 50-2020-CA-009624

Thus, Count II against King is frivolous and should be dismissed with prejudice as a matter

of law.

**II.     Count I, for Violation of Florida's Private Sector Whistleblower Act, § 448.101 Against CSA, Is Insufficiently Pled And Also Should Be Dismissed As a Matter of Law.**

In order to state a claim for relief under the FWA, a plaintiff must allege that: (1) "he

engaged in statutorily protected expression;" (2) he "suffered a materially adverse action of the

type that would dissuade a reasonable employee from engaging in statutorily protected activity;"

and (3) "there was a causal link between the events." *Rutledge v. SunTrust Bank*, 262 F. App'x

956, 958 (11th Cir. 2008). "Establishing the first element, engaging in statutorily protected

expression, requires a plaintiff to allege that he or she 'objected to or refused to participate in (i)

an illegal activity, policy, or practice of an employer, (ii) an illegal activity of anyone acting within

the legitimate scope of their employment, or (iii) an illegal activity of an employee that has been

ratified by the employer." *Bostain v. Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL

2433503, at *2 (M.D. Fla. June 14, 2011). Plaintiff has failed to sufficiently plead that he engaged

in statutorily protected expression, and thus his FWA claim against CSA fails as a matter of law.

**A.   Plaintiff Has Failed to Sufficiently Allege That He Objected to An Illegal Activity.**

Fla. Stat. § 448.102(3) precludes an employer from taking "any retaliatory personnel action

against an employee because the employee has objected to, or refused to participate in, any activity,

policy, or practice of the employer **which is in violation of a law, rule, or regulation.**" (emphasis

added). The Fourth District Court of Appeals has held that a plaintiff objecting to the employer's

conduct must have a "good faith, objectively reasonable belief" that the employer's activity was

illegal. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

4

CASE NO. 50-2020-CA-009624

Plaintiff has alleged that "[t]hroughout his employment with [CSA], Plaintiff issued lawful complaints to [CSA] regarding disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King," *see* First Amended Complaint, ¶ 13, and that he "had a reasonable faith belief that the disparate racial treatment and retaliation he complained of was a violation of . . . Title VII of the Civil Rights Act and/or the Florida Civil Rights Act." *See* First Amended Complaint, ¶ 15. However, Plaintiff has failed to assert any ultimate facts in support of his allegation that he had a good faith reasonable belief that he was being discriminated against other than a self-serving conclusion that he did. *Id.* Plaintiff's pleading is thus, in contravention to Florida law and must be dismissed. *See* Fla. R. Civ. P. 1.110(b)(2) ("A pleading . . . must state a cause of action and shall contain . . . (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief."); *Maiden v. Carter*, 234 So. 2d 168, 170 (Fla. 1st DCA 1970) ("It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted.").

**B.** **Count I Should Also Be Dismissed As A Matter of Law Because Plaintiff Failed to Allege That Mike King's Alleged Discriminatory Actions Occurred Within The Scope of His Employment With CSA.**

The FWA provides that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the <u>employer</u> which is in violation of a law, rule or regulation." Fla. Stat. § 448.102(3) (emphasis added). "The actions of 'an employee as opposed to a defendant employer, is irrelevant to, and cannot adequately support a claim based on the FWA.'" *Bostain v. Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *2-3 (M.D. Fla. June 14, 2011); *see also Ruiz v. Aerorep Grp. Corp.*, 941 So. 2d 505, 506 (Fla. 3d DCA 2006) ("The

CASE NO. 50-2020-CA-009624

Whistleblower's Act prohibits an employer from taking any retaliatory action against an employee for . . . a violation by the employer of a law, rule, or regulation."); *Douberley v. Burger King Corp.*, No. 8:06-cv-1844-T-17 EAJ, 2007 WL 1175757, at *4 (M.D. Fla. Apr. 20, 2007) (holding that an employee's allegedly criminal conduct was "irrelevant and inadequate in a claim based on the FWA because [the employee] was merely an employee . . . Plaintiff failed to allege any violation of law, rule, or regulation by any Defendant-Employer."); *McIntyre v. Delhaize Am., Inc.,* No. 8:07-cv-2370-T-20TBM, 2009 WL 1039557 (M.D. Fla. 2009) (allegations of illegal dispensation of narcotics by employee insufficient to establish violation where no activity, policy, or practice of employer supported the conduct).

In support of Count I, Plaintiff only alleges that "[t]hroughout his employment with Defendant Canon, Plaintiff issued lawful complaints to Defendant Canon regarding disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King." *See* First Amended Complaint, ¶ 13. Nowhere in his Complaint does Plaintiff allege that the alleged disparate racial treatment (which CSA denies ever occurred) was an illegal policy or practice of CSA, an activity of King for which he was acting entirely within the legitimate scope of his

CASE NO. 50-2020-CA-009624

employment with CSA[2], or an activity of King that was later ratified by CSA.[3] *Bostain v. Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *2-3 (M.D. Fla. June 14, 2011) ("Plaintiffs fail to assert that their *employer* engaged in the complained of activity because the activity is not alleged to have been: (1) an illegal activity, policy, or practice of Westgate; (2) an activity committed by a Westgate *employee* acting within the legitimate scope of their employment; or (3) an activity of a Westgate *employee* that was later ratified by Westgate. By failing to allege that [plaintiff] objected to unlawful acts of her employer, Westgate, the Amended Complaint fails to allege that [plaintiff] engaged in statutorily protected expression."); *Sussan v. Nova Se. Univ.*, 723 So. 2d 933, 934 (Fla. 4th DCA 1999) ("Susan's complaint did not allege that he was terminated for objecting to illegal activity of either the University or anyone acting within the legitimate scope of their employment or that the University ratified the illegal conduct of its employees.").

---

[2] While Plaintiff has added a paragraph to his First Amended Complaint which states that "Defendant King was acting at least in part, within the scope and authority of his employment with Defendant Canon when he engaged in the discriminatory and retaliatory behavior complained of by Plaintiff," *see* First Amended Complaint, ¶ 14, this is insufficient for Plaintiff to meet his *prima facie* case. It is unclear how Defendant King could have both acted within and outside of the scope of his employment in taking the alleged discriminatory actions against Plaintiff. Florida law requires that, for an employer to be liable for the acts of its employee, the employee must have "act[ed] within the legitimate scope of their employment" *Bostain*, 2011 WL 2433503, at *2, not partially done so. Further, Plaintiff alleges with regard to his tortious interference claim that "Defendant King was <u>not</u> acting within the course and scope of his employment, but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer, defendant Canon Solutions America." *See* First Amended Complaint, ¶ 29. **Plaintiff's selective pleading is inconsistent and implausible. It appears that Plaintiff would have us believe that King was acting (and then only "in part") within the scope of his employment only when it suits his pleading necessity.**

[3] Furthermore, Plaintiff also does not allege in his First Amended Complaint that he objected to, or was subjected to, any illegal or unlawful law, policy, or practice once he was no longer reporting to King beginning in or around January 1, 2020.

CASE NO. 50-2020-CA-009624

Notwithstanding, pursuant to the FWA and generally "[u]nder Florida law, an employee acts, within the scope of his employment 'if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master." *Pinder v. Bahamasair Holdings Ltd., Inc.*, 661 F. Supp. 2d 1348, 1353 (S.D. Fla. 2009) (citing *Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992)—as discussed at length *supra*, Plaintiff has only alleged that he was subjected to "disparate racial treatment and retaliation" by King, but has failed to allege whether the alleged disparate treatment by King even occurred during working hours, at CSA's premises, or in part by a purpose to serve CSA; nor are the acts complained of by Plaintiff "of the kind [King was] employed to perform." *See Pinder*, 661 F. Supp. 2d at 1353. Thus, Plaintiff's Count I should be dismissed as a matter of law.

Since Plaintiff amended his complaint in the face of Defendants' motion to dismiss his original complaint and has still failed to plead any viable cause of action, his First Amended Complaint should be dismissed with prejudice and without any opportunity to replead.

WHEREFORE, Defendants Canon Solutions America, Inc. and Michael King respectfully request that their Motion to Dismiss Plaintiff's First Amended Complaint be granted, and for such other relief as this Court deems just and proper.

Dated: November 11, 2020.

CASE NO. 50-2020-CA-009624

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for Defendants Canon*
*Solutions America, Inc. and Michael King*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

By: */s/ Paul B. Ranis*
    **PAUL B. RANIS**
    Florida Bar No. 64408
    (ranisp@gtlaw.com; scottla@gtlaw.com;
    FLService@gtlaw.com)
    **SABRINA D. NIEWIALKOUSKI**
    Florida Bar No. 0123630
    (niewialkouskis@gtlaw.com;
    scottla@gtlaw.com; FLService@gtlaw.com)

## CERTIFICATE OF SERVICE

I CERTIFY that on November 11, 2020 a copy of the foregoing was electronically filed

with the Clerk of Court by using the Florida Courts E-Filing Portal System, which will send a

notice of electronic filing and a copy to all known parties of record: Andrew Obeidy, Esq., 2755

E. Oakland Park Blvd., Suite 225 Fort Lauderdale, FL 33306, Andrew@obdlegal.com.

By: */s/ Paul B. Ranis*
    PAUL B. RANIS

Filing # 117365953 E-Filed 11/30/2020 02:07:46 PM

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A.**
2755 E. Oakland Park Blvd., Suite 225
Fort Lauderdale, Florida 33306
Telephone:      (305) 892-5454
Facsimile:      (954) 530-6953
Andrew@obdlegal.com
**Attorney for Plaintiff Brian Dean**

### IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
### IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **BRIAN DEAN** an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CANON SOLUTIONS AMERICA.,** a National Company, and **MIKE KING**, an individual,<br><br>Defendants. | **CASE NO: 50-2020-CA-009624**<br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

### A.     INTRODUCTION

Plaintiff BRIAN DEAN (hereinafter referred to as "Plaintiff") was employed with Defendant CANON SOLUTIONS AMERICA, INC. (hereinafter referred to as "Defendant Canon") as a Senior Account Executive from October 2017 through June of 2020.  Throughout the course of his employment with Defendant Canon, Plaintiff was subjected to unlawful race discrimination, retaliation, and tortious interference with at-will employment.  Plaintiff filed his Complaint for Damages on September 8, 2020. Defendant Canon and Defendant King filed a joint Motion to Dismiss on September 29, 2020.   In an effort to address the arguments Defendant's raised in their First Motion to Dismiss, Plaintiff filed his First Amended Complaint as a matter of right on November 3, 2020.  On November 11, 2020, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint.

## II.   ARGUMENT

### A.   MOTION TO DISMISS STANDARD

A complaint must contain, *inter alia*, ". . . a short and plain statement of the ultimate facts showing that the pleader is entitled to relief ..." Fla. R. Civ. P. 1.110(b)(2).  Generally, pleadings are sufficient if they inform the Defendant of the nature of the cause against him. *Dawson v. Blue Cross Assoc.,* 293 So. 2d 90 (Fla. 1st DCA 1974).  It is also incumbent upon the pleader to state a cause of action alleging legal liability. *Messana v. Maule Industries, Inc.*, 50 So. 2d 874 (Fla. 1951).

A motion to dismiss under Rule 1.140(b) (6) admits all well pleaded facts as true, as well as reasonable inferences arising from those facts. *Vienneau v. Metropolitan Life Ins. Co.*, 548 So. 2d 856, 858 (Fla. 4th DCA 1989).  In ruling on a Motion to Dismiss a Complaint for Failure to State a Cause of Action, the trial court must confine itself strictly to the allegations within the four corners of the complaint. *Pizzi v. Central Bank & Trust Co.*, 250 So. 2d 895, 897 (Fla. 1971); *Wausau Ins. Co. v. Haynes*, 683 So. 2d 1123, 1125 (Fla. 4th DCA 1996).

A Plaintiff drafting a complaint must "state a cause of action alleging legal liability." *Wells v. Brown*, 303 So. 2d 395, 396 (Fla. 2d DCA 1974).  In the instant matter, the facts alleged by Plaintiff amount to legal causes of action.

### B.   TORTIOUS INTERFERENCE WITH AT-WILL EMPLOYMENT IS A LEGALLY RECOGNIZED CAUSE OF ACTION UNDER FLORIDA LAW

Defendant's allegation that there is no such cause of action for "tortious interference with at-will employment" does not present a complete statement of Florida law.  "The general rule prevailing in this country [and this state] appears to be that merely because a person's employment is terminable at will, this fact will not relieve one whose wrongful act caused the employee to lose a position of gainful employment in which the jury could find that, so long as his work proved

satisfactory, his employment would have continued, subject, of course, to any uncertainties of the business and of his ability to labor." *May v. Stratton*, 183 So. 2d 43, 45 (Fla. 1St DCA 1966).

Plaintiff's well-pled complaint alleges that Defendant's King's interference was direct, unjustified, and caused him to loose a position of gainful employment.  The fact that Plaintiff's gainful employment was at-will, does not, in and of itself, relieve Defendant of liability.  *Perez v. Rivero*, 534 So 914, 916 (Fla. 3rd DCA (1988) (citations omitted) ("Although the general rule is that an action will not lie where a party interferes with an at-will contract… direct and unjustified interference [] is actionable.").

This notion was affirmed by the court in *Stow* when it stated, "One's status as an employee terminable at-will will not, in and of itself, relieve from liability an employer whose independent wrongful act caused the employee to lose a position of gainful employment."  *Stow v. National Merchandise Co.*, 610 So. 2d 1378, 1382 (Fla 1st DCA (1992)).  The Third District Court of Appeals also affirmed this long-standing principle in *Perez*, holding that a person who is not a party to a contract can tortuously interfere with an at-will contract when it stated, "Although the general rule is that an action will lie where a party tortuously interferes with a contract terminable at will, it is only direct and unjustifiable interference that is actionable."  *Perez v. Rivero*, 534 So. 2d 914, 916 (Fla. 3rd DCA (1988)).

The Court in *Ferris* likewise stated, "The general rule is that an action for tortious interference will not lie where a party interferes with an at-will contract such as the one involved here … It is only where interference with an at-will relationship is direct and unjustified that such interference is actionable." *Ferris v. Couth Florida Stadium Corp.*, 926 So 399, 401–402.

Nor does it make any difference in the instant matter that Defendant King was Plaintiff's supervisor.  The Defendants have failed to acknowledge that Florida courts have dictated that a

supervisor is a third party to an employment contract if (1) the officer is not acting within the scope of his functions and (2) the officer's motivations were malicious. *Muller v. Stromberg Carlson Corp,* 427 So. 2d 1188 (Fla.2d DCA 1983).

The Court in *Rudnick* described that current state of Florida Law by stating, "Florida courts have established that in the context of a managerial or supervisory employee terminating a Plaintiff's employment, an action will **usually** not lie against the terminating employee because he/she is considered a party to the employment relationship." *See West v. Troelstrup,* 367 So. 2d 253, 255 (Fla. 1st DCA 1979) (emphasis added); *Doyal v. School Board of Liberty County,* 415 So.2d 791 (1st DCA 1982). However, Florida courts have also clarified that the privilege to interference "enjoyed by a party that is integral to the business relationship is not absolute. ***The privilege is divested when the defendant acts solely with ulterior purposes and the advice is not in the principal's best interest.*** (*See Rudnick v. Sears Roebuck and Co.,* 358 F. Supp 2d 1201 (S.D. Fla 2005). Here, Plaintiff has alleged that Defendant acted with ulterior purposes and without an honest belief that his actions would benefit the principal, his employer Canon Solutions (Complaint, ¶ 30).

Defendants do not present the complete statement of Florida law in their Motion to Dismiss. Tortious interference with an at-will employment relationship is a legally recognized cause of action under Florida Law, and Plaintiff has alleged facts that sufficiently state a plausible claim for relief thereunder. Plaintiff has adequately pled a claim for tortious interference as against Defendant King because he has pled (1) the interference with the at-will relationship was direct and unjustified; and (2) the actions of Mr. King were done with ulterior purposes and as such, Defendant King is not protected from liability. Based on the foregoing, Plaintiff respectfully requests that Defendant's Motion to Dismiss Count II be overruled in its entirety.

### C.   PLAINTIFF HAS ADEQUATELY PLED A CLAIM FOR VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT BY ALLEGING FACTS THAT ESTABLISHED HE ENGAGED IN A PROTECTED ACTIVITY

In order to state a claim under the Florida Whistleblower Act a Plaintiff must allege that (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was a casual link between the events.  Plaintiff has sufficiently alleged all three elements.

Specifically, in paragraph 13 of Plaintiff's Complaint, Plaintiff alleges that throughout the course of his employment he issued lawful complaints about disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King.  In paragraph 14, Plaintiff further alleges that he issued those complaints both verbally and in writing and identifies by name the exact supervisor he issued those complaints to.

In their Motion to Dismiss, Defendant alleges Plaintiff failed to identify a violation of a law, rule or regulation that was complained about.  Defendant seems to be arguing either; that race discrimination is not a violation of law, or that Plaintiff's complaint should be evaluated by a heightened standard than what is required of him at the pelading stage.  Plaintiff is required to allege a "short and plain statement showing that he is entitlted to relief".  Plaintiff is *not* required to spell out every fact and detail underlying this allegation.  Plaintiff has identified the violation of law that he complained about (Complaint, ¶13), when he complained (*Id.*), how he complained (*Id.* at ¶14), and to whom he complained (*Id.*).   These factual allegations are not legal conconclusions.  They are facts that suffiently allege that Plaintiff engaged in a protected activity, and sufficiency put Defendant on notice of the claims against him.  As such, Plaintiff respectufully requests that Defendant's Motion to Dismiss as to Count I be overruled.

**D.    PLAINTIFF HAS ADEQUATELY PLED A CLAIM FOR VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT BY ALLEGING FACTS THAT ESTABLISHED HE ENGAGED IN A PROTECTED ACTIVITY**

Defendant further alleges that Count I should be dismissed because Plaintiff failed to reallege that Defendant King was acting within the course and scope of his employment when the conduct he complained of occurred.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and **common sense**."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added).  Here, Plaintiff issued lawful complaints about race discrimination he was subjected to, during the course of his employment, by Plaintiff's direct supervisor at his job, Mike King.

Despite Defendant's argument, Plaintiff specifically alleges in his amended Complaint: "Plaintiff is informed, believes and thereon alleges that Defendant King was acting at least in part, within the scope and authority of his employment with Defendant Canon when he engaged in the discriminatory and retaliatory behavior complained of by Plaintiff."  *See* Amended Complaint, ¶ 14.

To argue that Plaintiff has not alleged that Mike King discriminated against Plaintiff "during the course of scope of his employment" strains logic.  Defendant seems to be alleging the discriminatory conduct could have occurred outside of working hours, outside of the building, or otherwise outside of the scope of his duties.  This insinuation runs contrary to the facts alleged. Common sense dictates that the conduct he complained of, race discrimination, took place inside of the course and scope of his employment.  As such, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

**III.    CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully requests Defendant Canon Solutions

1    America's Motion to Dismiss Plaintiff's Complaint be denied, or in the alternative, Plaintiff

2    requests leave to amend said cause of action if the Court finds Plaintiff has not sufficiently plead

3    this cause of action.

4

5     Dated this 30th day of November 2020.

6

7                                                    Respectfully submitted,

8                                                    **OBEIDY & ASSOCIATES, P.A.**

9                                                    */s/ A. Andrew OBeidy*_____

10                                                   A. ANDREW OBEIDY, ESQ. (FBN 0910341)
                                                     Attorney for Plaintiff Brian Dean
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 30th day of November 2020, a true and correct copy of the foregoing has been filed with tis Court via Florida E-Filing Portal and served via electronic mail to the parties identified as attorneys of record in the E-Filing Portal and the Service List Below as of the date of this filing.

By:*/s/ Andrew Obeidy*
Andrew Obeidy, Esq.

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A.**
2755 East Oakland Park Blvd., Suite 225
Fort Lauderdale, Florida 33306
Telephone:     (305) 892-5454
Facsimile:     (954) 206-6955
Andrew@obdlegal.com
**Attorney for Plaintiff Brian Dean**

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **BRIAN DEAN**, an individual, | **CASE NO.: CACE-19-018632** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S NOTICE OF SERVICE OF DISCOVERY PROPOUNDED ON DEFENDANT CANON SOLUTIONS AMERICA, INC.** |
| **CANON SOLUTIONS AMERICA, INC.,** a National Company; and **MIKE KING**, an individual, | |
| Defendants. | |

### PLAINTIFF'S NOTICE OF SERVICE OF DISCOVERY

Plaintiff BRIAN DEAN by and through undersigned counsel, and pursuant to Florida

Rules of Civil Procedure Rule 1.340, 1.350, and 1.370 respectively, has served its First Set of

Interrogatories, First Request for Production and First Request for Admission to Defendant

CANON SOLUTIONS AMERICA, INC. on this 11th day of January 2021.

By: */s/ Andrew Obeidy*
Andrew Obeidy, Esq.
**Obeidy & Associates, P.A**
2755 E. Oakland Park Blvd.
Suite 225
Fort Lauderdale, FL 33306
Email: andrew@obdlegal.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 11th day of January 2021, a true and correct copy of the foregoing has been filed with this Court via Florida E-Filing Portal and served via electronic mail to the parties identified as attorneys of record in the E-Filing Portal as of the date of this filing.

Respectfully submitted,
**OBEIDY & ASSOCIATES, P.A.**

/s/ A. Andrew OBeidy
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff Brian Dean

Filing # 121127125 E-Filed 02/10/2021 09:16:23 AM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY FLORIDA

BRIAN DEAN, an individual,                           CASE NO. 50-2020-CA-009624

       Plaintiff,

v.

CANON SOLUTIONS AMERICA, INC.,
a National company, and MIKE KING,
an individual,

       Defendants.

_____/

## DEFENDANT'S, CANON SOLUTIONS AMERICA, INC., MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

      Defendant, CANON SOLUTIONS AMERICA, INC., a National company ("Defendant"),

pursuant to Fla. R. Civ. P. 1.090(b), and through its undersigned counsel, hereby moves for an

extension of time to respond to Plaintiff Brian Dean's ("Plaintiff") First Request for Admissions,

First Set of Interrogatories, and First Request for Production of Documents (collectively the

"Discovery Requests") to Defendant and states as follows:

      1.     Plaintiff filed the Complaint in this action on September 8, 2020 and Defendant

was served with a copy of the Complaint on September 9, 2020.

      2.     On September 29, 2020 Defendant filed its Motion to Dismiss Plaintiff's

Complaint.

      3.     On November 3, 2020 Plaintiff filed his First Amended Complaint, which

continued to have many of the same defects as the original Complaint.

      4.     In response, on November 11, 2020 Defendant filed its Motion to Dismiss

Plaintiff's First Amended Complaint (the "Motion to Dismiss").

5.     On January 11, 2020, Plaintiff propounded the Discovery Requests.

6.     Defendant's responses to the Discovery Requests are due on or before February 10, 2020.

7.     Plaintiff and Defendant have been periodically checking the Court's special set calendar to obtain a date for the hearing on the Motion to Dismiss, but to date, have been unable to obtain one.

8.     If the Court grants Defendant's Motion to Dismiss, either partially or entirely, the Discovery Requests at issue will be narrowed or entirely moot, in which case Defendant will not be required to respond to the Discovery Requests. Thus, Defendant's responses to the Discovery Requests prior to the Court's ruling on the Motion to Dismiss is premature and may result in a waste of the parties' and this Court's resources.

9.     Defendant will continue to work with Plaintiff to coordinate a special set hearing on the Motion to Dismiss at the earliest possible date.

10.    Accordingly, Defendant respectfully requests the later of, a sixty (60) day extension of time, through and including April 12, 2021, or thirty (30) days after the Court's entry of an order on the Motion to Dismiss to respond to the Discovery Requests, unless the Motion to Dismiss is granted in its entirety, in which case no response would be required.

11.    Defendant files this motion without waiver of any defenses it may interpose or rights it may possess.

12.    This is Defendant's first request for an extension in this matter. This request for an extension is made in good faith, is not sought for the purpose of undue delay, will not unnecessarily delay this action or adversely impact these proceedings, and no party will be prejudiced by the granting of this extension.

2

**WHEREFORE**, Defendant, CANON SOLUTIONS AMERICA, INC., respectfully requests that this Court enter an Order granting it an extension of time and extending the time within which Defendant must respond to Plaintiff's Discovery Requests by the later of, a sixty (60) day extension of time, through and including April 12, 2021, or thirty (30) days after the Court's entry of an order on the Motion to Dismiss, unless the Motion Dismiss is granted in its entirety, in which case no response would be required, and awarding such other and further relief as this Court deems just and appropriate.

Dated: February 10, 2021.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for Defendants Canon*
*Solutions America, Inc. and Michael King*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

By: */s/ Paul B. Ranis*
    **PAUL B. RANIS**
    Florida Bar No. 64408
    (ranisp@gtlaw.com; scottla@gtlaw.com;
    FLService@gtlaw.com)
    **SABRINA D. NIEWIALKOUSKI**
    Florida Bar No. 0123630
    (niewialkouskis@gtlaw.com;
    smithl@gtlaw.com; FLService@gtlaw.com)

## **CERTIFICATE OF SERVICE**

I CERTIFY that on February 10, 2021 a copy of the foregoing was electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal System, which will send a notice of electronic filing and a copy to all known parties of record: Andrew Obeidy, Esq., 2755 E. Oakland Park Blvd., Suite 225 Fort Lauderdale, FL 33306, Andrew@obdlegal.com.

By: */s/ Paul B. Ranis*
PAUL B. RANIS

4

Filing # 121150014 E-Filed 02/10/2021 12:14:55 PM

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A**
2755 E. Oakland Park Blvd, Suite 225
Fort Lauderdale, Florida 33306
Telephone:      (305) 892-5454
Andrew@obdlegal.com
**Attorney for Brian Dean**

### IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
### IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **BRIAN DEAN**, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>**CANON SOLUTIONS AMERICA, INC.,** a National Company; and **MIKE KING**, an individual,<br><br>    Defendants. | **CASE NO:  CACE-20-010615**<br><br>**NOTICE OF HEARING** |

YOU ARE HEREBY NOTIFIED that the undersigned will call up for a thirty-minute special set hearing on ***Monday, May 17, 2021 at 11:30 A.M.***, before the Honorable Donald Hafele. Due to the continuing impact of COVID-19, said hearing will take place on Zoom Videoconference Software, **Meeting ID: 891 486 77682, Password: 86517562.**

### DEFENDANT'S MOTION TO DISMISS

____X____ Counsel has conferred with all parties who may be affected by the relief sought

in the motion in a good faith effort to resolve or narrow the issues raised.

_____ Counsel has made reasonable efforts to confer with all parties who may be

affected by the relief sought in the motion but has been unable to do so.

Pursuant to Local Rule 10A, I hereby certify that I have made a good faith attempt to resolve this matter prior to my noticing this motion for hearing, and the issues before the Court may be heard and resolved by the Court within five (5) minutes.

Please be Governed Accordingly.

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA/TDD Line no later than seven (7) days prior to the proceeding.  Telephone (954) 831-6364 for assistance.

By: */s/ Andrew Obeidy*
Andrew Obeidy, Esq.
**Obeidy & Associates, P.A**
2755 E. Oakland Park Blvd.
Suite 225
Fort Lauderdale, FL 33306
Email: andrew@obdlegal.com
**Attorney for Brian Dean**

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 10th day of February 2021, a true and correct copy of the foregoing has been filed with tis Court via Florida E-Filing Portal and served via electronic mail to the parties identified as attorneys of record in the E-Filing Portal and the Service List Below as of the date of this filing.

By:*/s/ Andrew Obeidy*
Andrew Obeidy, Esq.

Filing # 123153580 E-Filed 03/16/2021 10:07:09 AM

**OBEIDY & ASSOCIATES, P.A.**
**ANDREW OBEIDY, ESQ. (FBN 910341)**
2755 E. Oakland Park Blvd., Suite 225
Fort Lauderdale, Florida 33306
Telephone:     (305) 892-5454
Facsimile:     (954) 530-6953
andrew@obdlegal.com
**Attorney for Plaintiff Brian Dean**

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA**

| | |
|---|---|
| **BRIAN DEAN**, an individual,<br><br>     Plaintiff,<br><br>     vs.<br><br>**CANON SOLUTIONS AMERICA, INC.,** a National Company; and **MIKE KING**, an individual,<br><br>     Defendants. | **CASE NO.:** 50-2020-CA-009624-XXXX-MB<br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

     Plaintiff hereby moves this Court for an order under Rule 1.190(a) of the Florida Rules of Civil Procedure granting leave to file a Second Amended Complaint in this action, attached hereto as "Exhibit 1".

     Plaintiff filed time charges of race discrimination and retaliation with the Equal Employment Opportunity Commission.  Plaintiff's six (6) month waiting period before filing said lawsuit has expired.  The motion is made on the grounds that the amendment would serve to include those charges.  The leave to file an amendment is not filed for the purposes of delay. In the interest of justice and based on the aforementioned, Plaintiff respectfully requests this Court grant permission for Plaintiff to file and serve a First Amended Complaint.

Dated this 16th day of March 2021.

Respectfully submitted,

By: */s/ Andrew Obeidy*
Andrew Obeidy, Esq.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 16th day of March 2021, a true and correct copy of the foregoing has been filed with tis Court via Florida E-Filing Portal and served via electronic mail to the parties identified as attorneys of record in the E-Filing Portal and the Service List Below as of the date of this filing.

By:*/s/ Andrew Obeidy*
Andrew Obeidy, Esq.

# Exhibit 1

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A.**
115 Northeast 3rd Avenue, Suite 708
Fort Lauderdale, Florida 33301
Telephone:    (305) 892-5454
Telephone:    (954) 530-6953
Facsimile:    (954) 206-6955
Andrew@obdlegal.com

**Attorney for Plaintiff Brian Dean**

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA**

| | |
|---|---|
| **BRIAN DEAN**, an individual, | **CASE NO.:** 50-2020-CA-009624-XXXX-MB |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| vs. | 1.  **Race Discrimination – Violation of Fla. Stat. §760.10(1)(a)** as against Canon Solutions America |
| **CANON SOLUTIONS AMERICA, INC.,** a National Company; and **MIKE KING**, an individual, | 2.  **Violation of the Florida Whistleblower Act (Fla. Stat. §448.101)** as against Canon Solutions America |
| Defendants. | 3.  **Tortious Interference with At-Will Employment** as against Mike King |

**PRELIMINARY ALLEGATIONS**

**(Parties)**

1.  Plaintiff Brian Dean hereinafter referred to as "Plaintiff") is an individual residing in the county of Palm Beach, state of Florida.

2.  Plaintiff alleges Canon Solutions America, Inc. (hereinafter referred to as "Defendant Canon"), is, and at all times material hereto was, a multi-national company, authorized to do business and doing business in, the state of Florida.

3.  Plaintiff alleges that Mike King (hereinafter referred to as "Defendant King"), is an

individual residing in the county of Palm Beach, state of Florida.

**(Vicarious Liability)**

4. Plaintiff alleges that Defendant King was acting, at least in part, within the course, scope and authority of his employment with Defendant Canon Solutions America.

5. Whenever Plaintiff alleges that Defendant King was acting within the course, scope and authority of his employment with Defendant Canon Solutions America, Plaintiff will make the specific allegation in the body of the named cause of action.

**(Venue)**

6. The contracts alleged herein were entered into in the county of Palm Beach, state of Florida, the acts and transactions herein alleged took place in the county of Palm Beach, state of Florida.

**(Jurisdiction)**

7. This is an action for damages in excess of the sum of thirty thousand dollars ($30,000.00) exclusive of interest, costs and/or attorneys' fees.

**FIRST CAUSE OF ACTION**
**Race Discrimination – Violation of Fla. Stat. §760.10(1)(a)**

8. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 7 above, as though fully set forth at length herein.

9. At all times material hereto, all provisions of the Florida Civil Rights Act ("FCRA") were in full force and effect and were binding on Defendant Canon.

10. At all times material hereto, Plaintiff was an Employee of Defendant Canon and Defendant Canon was an Employer as defined by Fla. Stat. §760.02(7).

11.     During Plaintiff's employment with Defendant Canon, through the conduct of its agents, servants, and/or employees, Defendant Canon discriminated against Plaintiff on the basis of his race (African American) and subjected Plaintiff to adverse employment action on the basis of his race (African American).

12.     Submission to the conduct alleged below was an implicit part of Plaintiff's employment with Defendant Canon.  The race discrimination suffered by the Plaintiff as a result of Defendant Canon conduct included, but was not limited to:

a)      Creating a hostile work environment for Plaintiff based on his race (African American);

b)      Discriminatorily avoiding Plaintiff and withholding necessary managerial support necessary to complete the duties and functions of his job;

c)      Evaluating Plaintiff on unrealistic and unfair metrics that did not account for the documented lack of support he received;

d)      Ignoring and ostracizing Plaintiff;

e)      Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale;

f)      Excluding Plaintiff as the only employee who did not get their picture taken for his role in the Hippocrates Health Institute Net New Business Deal;

g)      Terminating Plaintiff's employment without cause;

13.     Plaintiff filed timely charges of race discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.  In his charge, Plaintiff set forth examples of Defendant Canon's unlawful

discrimination. Plaintiff's six (6) month waiting period before filing said lawsuit has expired. Therefore, Plaintiff has exhausted all of his administrative remedies.

14. As a direct and proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, compensatory damages, lost wages and other employee benefits, all to his detriment, in an amount to be shown according to proof.

15. As a further proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to his detriment, in an amount to be shown according to proof.

16. Defendant Canon committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights. Plaintiff, pursuant to Fla. Stat. §760.11(5), is entitled to recover punitive damages from Defendant Canon in the amount of one hundred thousand dollars ($100,000.00) without first seeking leave of court.

17. Plaintiff, pursuant to Fla. Stat. §760.11(5), is also entitled to recover reasonable attorneys' fees and costs of said suit in an amount to be shown according to proof.

18. Plaintiff demands judgment against Defendant Canon, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §448.101**
**(As against Defendant Canon Solutions America)**

19.   Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 7 above, as though fully set forth at length herein.

20.   This is an action for violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §§448.102(3), which provides in pertinent part as follows:

Prohibitions – An employer may not take any retaliatory personnel action against an employee because the employee has:

(3)   Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

21.   At all times material hereto, Plaintiff was an Employee as defined by Fla. Stat. §448.101(2).

22.   At all times material hereto, Defendant Canon Solutions America, LLC was an Employer as defined by Fla. Stat. §448.101(3).

23.   At all times material hereto, Plaintiff held the title of Senior Account Executive.  Plaintiff was qualified for the position he held and worked diligently during his employment.

24.   Throughout his employment with Defendant Canon, Plaintiff issued lawful complaints to Defendant Canon regarding disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King.

25.   Plaintiff issued these complaints in both verbally and in writing to Defendant Canon's Human Resource Department and Defendant Canon's South Florida Sales Director, Robert Chain.

26.   Defendant Canon violated Florida's Private Sector Whistleblower Act when it retaliated against Plaintiff for issuing the above-mentioned lawful complaints, through the conduct

of its agents, servants, and/or employees.

27.    The retaliatory conduct taken against Plaintiff by Defendant Canon included, but was not limited to:

a)    Refusing to follow up on or investigate Plaintiff's complaints;

b)    Failing to reassign Plaintiff;

c)    Continuing to withhold necessary managerial support necessary to complete the duties and functions of his job;

d)    Evaluating Plaintiff on unrealistic and unfair metrics that did not account for the documented lack of support he received;

e)    Ignoring and ostracizing Plaintiff;

f)    Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale;

g)    Excluding Plaintiff as the only employee who did not get their picture taken for his role in the Hippocrates Health Institute Net New Business Deal;

h)    Terminating Plaintiff's employment without cause;

28.    Defendant Canon's actions as described above in Paragraph 16 violated Fla. Stat. §448.102 and constituted a prohibitive employment practice.

29.    As a direct and proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, loss of retirement benefits, compensatory damages, lost wages and other employee benefits, all to his detriment, in an amount to be shown according to proof.

30. As a further proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to his detriment, in an amount to be shown according to proof.

31. Moreover, as a result of Defendant Canon's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Fla. Stat. §448.104.

32. Plaintiff demands judgment against Defendant Canon Solutions America, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Tortious Interference with at-will employment**
**(as against Defendant Mike Mike)**

33. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 7 above, as though fully set forth at length herein.

34. Plaintiff alleges that at all times relevant to this cause of action, Defendant King was not acting within the course and scope of his employment, but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer, Defendant Canon Solutions America.

35. Defendant King tortuously interfered with Plaintiff's at-will employment by;

    a) Refusing and/or failing to provide Plaintiff with the managerial support he needed to complete the duties and functions of his job;

    b) Refusing and/or failing to respond to Plaintiff's work-related emails and calls;

    c) Failing to show up to scheduled meetings that were necessary for Plaintiff to complete the duties and conditions of his job;

d)   Failing to timely provide Plaintiff with necessary paperwork that he needed to complete the duties and functions of his job;

e)   Failing to complete weekly checks in Plaintiff in violation of Canon company policy;

f)   Failing to follow the directives of his superiors and assist Plaintiff with various clients and accounts;

g)   Sending false emails to his superiors that Plaintiff was "not in the office" when Plaintiff was in fact, at work; and

h)   Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale.

36.   As a proximate result of Defendant King's tortious interference, as alleged herein, Plaintiff has suffered substantial losses and damages incurred in lost income, lost future income, bonuses, medical benefits and other compensation, back pay, front pay, and in earning capacity in an amount to be determined according to proof.

37.   Plaintiff demands judgment against Defendant King, a trail by jury on all issues so triable, and any other relief the court deems just and proper.

**PRAYER FOR RELIEF AS AGAINST CANON SOLUTIONS AMERICA, LLC.**

**WHEREFORE**, Plaintiff prays judgment against Defendant Canon, as follows:

1.   For economic damages, including but not limited to, back pay, front pay, and lost wages for the first cause of action in an amount to be shown according to proof;

2.   For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other general damages for the first cause of action,

in an amount to be shown according to proof;

3.    For reasonable attorneys' fees in an amount to be shown according to proof;

4.    For an award of interest, including prejudgment interest, at the legal rate;

5.    For costs and fees of suit herein incurred; and

6.    For such other and further relief as this Court deems proper.


### PRAYER FOR RELIEF AS AGAINST DEFENDANT MIKE KING

**WHEREFORE**, Plaintiff prays judgment against Defendant King follows:

1.    For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other special and general damages, in an amount to be shown according to proof, for the second cause of action;

2.    For an award of interest, including prejudgment interest, at the legal rate;

3.    For costs and fees of suit herein incurred; and

4.    For such other and further relief as this Court deems proper.


Dated this 16th of March, 2021.


Respectfully submitted,

**OBEIDY & ASSOCIATES, P.A.**

*/s/ A. Andrew OBeidy*
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff Brian Dean

# Exhibit A

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2020-05301 |

*(stamp, upper right:)* EEOC MIAMI DISTRICT OFFICE RECEIVED 08/17/2020

|  |  |  |
|---|---|---|
| Florida Commission on Human Relations | and EEOC | |
| State or local Agency, if any | | |

| NAME *(Indicate Mr., Ms., Mrs.)*<br>MR. BRIAN DEAN | Home Phone No. (Include Area Code)<br>(561) 405-8535 | Date of Birth<br>6/18/1965 |
|---|---|---|
| STREET ADDRESS<br>699 Brandon Prescott Ln. #101 | CITY, STATE AND ZIP CODE<br>WEST PALM BEACH, FLORIDA 33404 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| . NAME<br>CANON SOLUTIONS AMERICA | No. Employees, Members<br>EST. 100,000++ | PHONE No (305)<br>231-1080 |
|---|---|---|
| . STREET ADDRESS<br>7975 NW 154th St.          MIAMI LAKES, FLORIDA, 33016 | CITY STATE AND ZIP CODE | |

| . NAME *(Indicate Mr., Ms., Mrs.)* | No. Employees, Members | PHONE No *(Include Area Code)* |
|---|---|---|
| . STREET ADDRESS | CITY, STATE AND ZIP CODE | |

| . CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br><br>x Race ☐ Color ☐ Sex  ☐ Religion ☐ National Origin x Retaliation☐ Age ☐ Disability ☐ Other | DATE DISCRIMINATION TOOK PLACE<br>*EARLIEST*<br>10/01/2017<br>*LATEST*   06/22/20<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**1)  STATEMENT OF HARM**

I believe that was I was discriminated against on the basis of race by my former employer, Canon Solutions America.  From the onset of my employment, I was not given equal opportunity to succeed at Canon. I was assigned a much smaller and less favorable market than my similarly situated employees. Moreover, I worked under the discriminatory supervision of Manager Mike King.  Under his leadership, I was perpetually left without support and without direction.  Mr. King would ignore all of my emails and request for meetings. If he did schedule a meeting, he would continuously fail to show up. Mr. King did not treat any other employee that he supervised the same way. Mr. King's discriminatory avoidance of me had an unpreventable impact on my performance at Canon. Mr. King never conducted weekly recaps with me as he did with my similarly situated colleagues. Mr. King referred to my colleagues by the first names but referred to me in racially tinged epithets like "big dog" and "my man". I had to "chase and beg" Mr. King for support and for menial tasks like getting vacation days approved. Mr. King's discriminatory leadership greatly interfered with the conditions, terms and privileges of my employment. I reported Mr. King's behavior to the Director of Sales for South Florida and to the Human Resource Department on numerous occasions. Canon continued to look the other way and failed to provide me with any relief or accommodation. Instead, Canon terminated my employment, in what I believe was retaliation for issuing complaints about discrimination. See additional information attached as Page 2: Statement of Harm Continued.

**2)  STATEMENT OF DISCRIMINATION**

I believe I was subjected to unlawful discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended The Florida Civil Rights Act of 1992, the Florida Whistleblower Act and Florida Statute §760.10.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and local Agency Requirements<br>ALEXANDRA KIRBY<br>Notary Public-State of Florida<br>Commission # GG 330546<br>My Commission Expires<br>May 9, 2023 |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>8/13/2020<br>DATE          CHARGING PARTY SIGNATURE | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>8/13/20<br>SUBSCRIBED AND SWORN BEFORE ME THIS DATE (MONTH DAY YEAR) |

510-2020-05301

STATEMENT OF HARM CONTINUED (PAGE 2 of 2)

Mr. King's Inappropriate mutual banter, retaliation, and failure of his and Robert Chain's duty to act created an unprofessional work environment for me and moreover, drastically lowered my employee morale. Because of the unlawful harassment that was encouraged, I always felt concerned about fitting in with the group and unable to work effectively with team members. Canon admitted in their Company required training that trust between a manager and employee is key for two reasons; (1) Takes a long time to build, and (2) Increases productivity and morale. I was not considered an employee according to their standards because of their disparate treatment when it came to me because of my race. Discrimination drives away valuable employees, and demotivates and reduces the effectiveness of those that stay - "Code of Conduct & Ethics Training 2019".

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the
agencies if I change my address or telephone number and I will cooperate fully with them in the
processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

8/13/2020

DATE

CHARGING PARTY SIGNATURE

NOTARY – When necessary for State and Local Agency Requirements

ALEXANDRA KIRBY
Notary Public-State of Florida
Commission # GG 330546
My Commission Expires
May 5, 2023

I have read the above charge and that it is true to the best of my knowledge, information and belief.

8/13/2020

SUBSCRIBED AND SWORN RO BEFORE ME THIS DATE (MONTH DAY YEAR)

EEOC Form 161 (11/2020)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Brian Dean
     699 Brandon Prescott Ln. #101
     West Palm Beach, FL 33404

From:  San Juan Local Office
       525 F D Roosevelt Ave
       1202 Plaza Las Americas
       San Juan, PR 00918

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2020-05301 | Carlos Gonzalez, Investigator | (787) 520-5616 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

William R. Sanchez,
Local Office Director

10 FEB 21
(Date Issued)

cc:  Anna Dane
     Human Resources Director
     CANON SOLUTIONS AMERICA
     5625 Oakbrook Parkway
     Norcross, GA 30093

Andrew Obeidy, Esq.
OBEIDY & ASSOCIATES, P.A.
2755 E. Oakland Park Blvd., Suite 225
Oakland Park, FL 33306

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2020-CA-009624-XXXX-MB

**BRIAN DEAN**, an individual

        Plaintiff,

vs.

**CANON SOLUTIONS AMERICA, INC.,** a
National Company; and **MIKE KING,** an
individual,

        Defendants.

_____/

## AGREED ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT

**THE COURT** has before it, Plaintiff's Motion for Leave to File a Second Amended Complaint. Defendants do not object to the instant motion. Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint is hereby GRANTED, and Plaintiff's Second Amended Complaint shall be considered filed from the date of this order. Defendants shall have twenty (20) days from the date of this Order to file their response.

**DONE AND ORDERED** in Palm Beach County, Florida.

502020CA009624XXXXMB    03/18/2021
Donald Hafele
Circuit Judge

COPIES TO:

*/s/ Andrew Obeidy*

1

Andrew Obeidy, Esq.
OBeidy & Associates, P.A.
2755 East Oakland Park Blvd., Suite 225
Fort Lauderdale, FL 33305
(305) 892-5454
Andrew@obdlegal.com
*Counsel for Plaintiff*


/s/
Paul B. Ranis, Esq.
GREENBERG TRAURIG, P.A.
401 East las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 765-0500
ranisp@gtlaw.com
*Counsel for Defendants*

Filing # 123945440 E-Filed 03/29/2021 03:25:44 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY FLORIDA

BRIAN DEAN, an individual,                CASE NO. 50-2020-CA-009624

      Plaintiff,

v.

CANON SOLUTIONS AMERICA, INC.,
a National company, and MIKE KING,
an individual,

      Defendants.

_____/

## **AMENDED NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that the undersigned attorney will call up for hearing before the

Honorable Donald Hafele, one of the Judges of the above-styled Court, Judge Daniel T. K. Hurley

Courthouse, 205 North Dixie Highway, West Palm Beach, FL 33401 *[Via Zoom-Link Below]* on

**May 17, 2021 at 11:30 a.m.** or as soon thereafter as counsel may be heard, on:

### DEFENDANTS' MOTION TO DISMISS
### PLAINTIFF'S SECOND AMENDED COMPLAINT

_X__   Counsel has conferred with all parties who may be affected by the relief sought in the

motion in a good faith effort to resolve or narrow the issues raised.

_____   Counsel has made reasonable efforts to confer with all parties who may be affected by the

relief sought in the motion but has been unable to do so.

                      Respectfully submitted,

                      GREENBERG TRAURIG, P.A.
                      *Counsel for Defendants Canon*
                      *Solutions America, Inc. and Michael King*
                      401 East Las Olas Boulevard, Suite 2000
                      Fort Lauderdale, Florida 33301

CASE NO. 50-2020-CA-009624

Telephone: (954) 765-0500
Facsimile: (954) 765-1477

By: /s/ Sabrina Niewialkouski
**SABRINA D. NIEWIALKOUSKI**
Florida Bar No. 0123630
(niewialkouskis@gtlaw.com;
smithl@gtlaw.com; FLService@gtlaw.com)
**PAUL B. RANIS**
Florida Bar No. 64408
(ranisp@gtlaw.com; yeargin@gtlaw.com;
FLService@gtlaw.com)

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on March 29, 2021 a copy of the foregoing was electronically filed with

the Clerk of Court by using the Florida Courts E-Filing Portal System, which will send a notice of

electronic filing and a copy to all known parties of record: **Andrew Obeidy, Esq.**, 2755 E. Oakland

Park Blvd., Suite 225 Fort Lauderdale, FL 33306, Andrew@obdlegal.com.

By: /s/ Sabrina Niewialkouski
**SABRINA D. NIEWIALKOUSKI**

Class Action Court Reporters is inviting you to a scheduled Zoom meeting.
Topic: Dean v. Canon
Time: May 17, 2021 11:30 AM Eastern Time (US and Canada)
Join Zoom Meeting
https://us02web.zoom.us/j/85709072171?pwd=YjIvZ3JubWZtdW1BRERYUW0yRy9MZz09

Meeting ID: 857 0907 2171
Passcode: 865967
One tap mobile
+13126266799,,85709072171#,,,,*865967# US (Chicago)
+19292056099,,85709072171#,,,,*865967# US (New York)
Dial by your location
        +1 312 626 6799 US (Chicago)
        +1 929 205 6099 US (New York)
        +1 301 715 8592 US (Washington DC)
        +1 346 248 7799 US (Houston)
        +1 669 900 6833 US (San Jose)
        +1 253 215 8782 US (Tacoma)
Meeting ID: 857 0907 2171
Passcode: 865967
Find your local number: https://us02web.zoom.us/u/kvNzj0Ydl

ACTIVE 56217341v1

2

Filing # 123918335 E-Filed 03/29/2021 12:00:03 PM

                                                    IN THE CIRCUIT COURT OF THE
                                                    FIFTEENTH  JUDICIAL  CIRCUIT
                                                    IN  AND  FOR  PALM  BEACH
                                                    COUNTY FLORIDA

BRIAN DEAN, an individual,                          CASE NO. 50-2020-CA-009624

        Plaintiff,

v.

CANON SOLUTIONS AMERICA, INC.,
a National company, and MIKE KING,
an individual,

        Defendants.

_____/

### DEFENDANTS' MOTION TO DISMISS
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Canon Solutions America, Inc. ("CSA") and Michael King ("King" and together with CSA the "Defendants"), through undersigned counsel, hereby file their Motion to Dismiss Plaintiff Brian Dean's ("Plaintiff") Second Amended Complaint ("Motion")[1] and in support thereof state as follows:

### INTRODUCTION

Through this action, Plaintiff seeks to assert a "Tortious Interference with At-Will Employment" claim against one of his former supervisors, King. However, **no such cause of action exists under Florida law**, and Florida law expressly states that there can be no tortious interference with an "at-will" relationship. Thus, Count III must be dismissed as a matter of law.

---

[1] Plaintiff's Second Amended Complaint is identical to Plaintiff's Complaint (save for the addition of Count I for race discrimination), which was the subject of a Motion to Dismiss filed by CSA that was pending in this Court prior to the filing of Plaintiff's First Amended Complaint and Second Amended Complaint.

CASE NO. 50-2020-CA-009624

In similar fashion, Plaintiff seeks to assert a cause of action under the Florida Private Whistleblower Act ("FWA") against CSA for alleged disparate racial treatment at the hands of King. However, Plaintiff <u>fails to plead (1)</u> what law, rule, or regulation CSA allegedly violated that would bring CSA within the purview of the FWA, (2) that King's actions were done <u>within the scope of his employment with CSA</u>, and (3) assuming *arguendo* that there were any acts (which CSA denies), what the alleged discriminatory acts entailed. Thus, Count II fails to state a cause of action. Finally, Plaintiff's newly asserted cause of action for race discrimination in Count I under the Florida Civil Rights Act ("FCRA") fails because Plaintiff does not make any factual allegations that CSA treated similarly situated employees who are not members of his class more favorably. Plaintiff also fails to allege any facts which support an inference of race discrimination. As such, Plaintiff's Second Amended Complaint should be dismissed in its entirety.

## **LEGAL STANDARD**

"Basically, the function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action." *Raney v. Jimmie Diesel Corp.*, 362 So. 2d 997, 998 (Fla. 3d DCA 1978). Even where a complaint is well-pled, a claim may be dismissed if it is clearly without any merit or if there is an absence of good law supporting it. *Martin v. Highway Equip. Supply Co.,* 172 So. 2d 246 (Fla. 2d DCA 1965). "Whether the allegations of a complaint are sufficient to state a cause of action is a question of law." *K.M. ex rel. D.M. v. Publix Super Mkts., Inc.*, 895 So. 2d 1114, 1116 (Fla. 4th DCA 2005). Legal conclusions, theories, opinions or conclusory allegations are never sufficient to state a cause of action and should be disregarded by the court. *See Am. Seafood, Inc. v. Clawson*, 598 So. 2d 273, 274 (Fla. 3d DCA 1992); *Stein v. BBX Capital Corp.*, 241 So. 3d 874, 875 (Fla. 4th DCA 2018) ("While we must accept the facts alleged as true and make all reasonable inferences in favor of the

2

CASE NO. 50-2020-CA-009624

pleader [internal citations omitted], conclusory allegations are insufficient.")(internal citations omitted).

## ARGUMENT

I.   **Count III, Against King for Tortious Interference with "At-Will Employment", Must Be Dismissed for Failure to State a Valid Cause of Action.**

Florida does **not** recognize a cause of action for "tortious interference with an at-will employment" relationship.  The closest potential claim (tortious interference with a contractual relationship) expressly precludes a cause of action that is based on an "at-will" agreement.  There is **nothing** that required CSA to continue to employ Plaintiff.

Florida law is clear that "an action for tortious interference will not lie where a party interferes with an at-will contract." *Ferris v. S. Fla. Stadium Corp.*, 926 So. 2d 399, 401-402 (Fla. 3d DCA 2006); *Greenberg v. Mount Sinai Med. Ctr. Of Greater Miami, Inc.,* 629 So. 2d 252, 255 (Fla. 3d DCA 1993) (noting that "[t]he general rule is that an action for tortious interference will not lie where a party tortiously interferes with a contract terminable at will"); *Perez v. Rivero,* 534 So. 2d 914, 916 (Fla. 3d DCA 1988).

Plaintiff is also unable to maintain a tortious interference cause of action against King because he was not a third-party or stranger to the employment relationship between Plaintiff and CSA—**he was Plaintiff's supervisor.** *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.,* 742 So. 2d 381, 386 (Fla. 4th DCA 1999). "A defendant is not a 'stranger' to a business relationship if the defendant 'has any beneficial or economic interest in, or control over, that relationship.'" *Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.,* 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009) (citation omitted).  A party **cannot be liable** for tortious interference "when it has a supervisory interest in how the relationship is conducted." *Id.; see also Wackenhut Corp. v.*

CASE NO. 50-2020-CA-009624

*Maimone,* 389 So. 2d 656 (Fla. 4th DCA 1980) (reversing and remanding for judgment finding no tortious interference with an at-will employment contract).

Thus, Count III against King is frivolous and should be dismissed with prejudice as a matter of law.

**II.     Count II, for Violation of Florida's Private Sector Whistleblower Act, § 448.101 Against CSA, Is Insufficiently Pled And Should Be Dismissed As a Matter of Law.**

In order to state a claim for relief under the FWA, a plaintiff must allege that: (1) "he engaged in statutorily protected expression;" (2) he "suffered a materially adverse action of the type that would dissuade a reasonable employee from engaging in statutorily protected activity;" and (3) "there was a causal link between the events." *Rutledge v. SunTrust Bank*, 262 F. App'x 956, 958 (11th Cir. 2008). "Establishing the first element, engaging in statutorily protected expression, requires a plaintiff to allege that he or she 'objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) an illegal activity of anyone acting within the legitimate scope of their employment, or (iii) an illegal activity of an employee that has been ratified by the employer." *Bostain v. Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *2 (M.D. Fla. June 14, 2011). Plaintiff has failed to sufficiently plead that he engaged in statutorily protected expression, and thus his FWA claim against CSA fails as a matter of law.

**A.     <u>Plaintiff Has Failed to Sufficiently Allege That He Objected to An Illegal Activity.</u>**

Fla. Stat. § 448.102(3) precludes an employer from taking "any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the employer **<u>which is in violation of a law, rule, or regulation.</u>**" (Emphasis added). "'Law, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and

4

pertaining to the business." Fla. Stat. § 448.101(4). While Plaintiff has alleged that "[t]hroughout his employment with [CSA], Plaintiff issued lawful complaints to [CSA] regarding disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King," *see* Second Amended Complaint, ¶ 24, he has failed to point to CSA's violation of any law, rule, or regulation as defined in the statute. *See Schultz, Jr. v. Tampa Elec. Co.*, 704 So. 2d 605, 606 (Fla. 2d DCA 1997) (affirming dismissal of action based on plaintiff's failure to identify in his pleadings the violation by plaintiff of any law, rule, or regulation.). Thus, Count II should be dismissed on this basis alone.

Further, the Fourth District Court of Appeals has held that a plaintiff objecting to the employer's conduct must have a "good faith, objectively reasonable belief" that the employer's activity was illegal. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013). Plaintiff has wholly failed to allege that he had a good faith, reasonable belief that the alleged disparate racial treatment and retaliation he complained of was a violation of any law, rule, or regulation. Thus, Count II fails on this basis as well.

**B.  Count II Should Also Be Dismissed As A Matter of Law Because Plaintiff Failed to Allege That Mike King's Alleged Discriminatory Actions Occurred Within The Scope of His Employment With CSA.**

The FWA provides that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the <u>employer</u> which is in violation of a law, rule or regulation." Fla. Stat. § 448.102(3) (emphasis added). "The actions of 'an employee as opposed to a defendant employer, is irrelevant to, and cannot adequately support a claim based on the FWA.'" *Bostain v. Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *2-3 (M.D. Fla. June 14, 2011); *see also Ruiz v. Aerorep Grp. Corp.*, 941 So. 2d 505, 506 (Fla. 3d DCA 2006) ("The

CASE NO. 50-2020-CA-009624

Whistleblower's Act prohibits an employer from taking any retaliatory action against an employee

for . . . a violation by the employer of a law, rule, or regulation."); *Douberley v. Burger King Corp.*,

No. 8:06-cv-1844-T-17 EAJ, 2007 WL 1175757, at *4 (M.D. Fla. Apr. 20, 2007) (holding that an

employee's allegedly criminal conduct was "irrelevant and inadequate in a claim based on the

FWA because [the employee] was merely an employee . . . Plaintiff failed to allege any violation

of law, rule, or regulation by any Defendant-Employer."); *McIntyre v. Delhaize Am., Inc.,* No.

8:07-cv-2370-T-20TBM, 2009 WL 1039557 (M.D. Fla. 2009) (allegations of illegal dispensation

of narcotics by employee insufficient to establish violation where no activity, policy, or practice

of employer supported the conduct).

     In support of Count II, Plaintiff only alleges that "[t]hroughout his employment with

Defendant Canon, Plaintiff issued lawful complaints to Defendant Canon regarding disparate

racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King." *See*

Second Amended Complaint, ¶ 24. Nowhere in his Second Amended Complaint does Plaintiff

contend that the alleged disparate racial treatment (which CSA denies ever occurred) was an illegal

policy or practice of CSA, an activity of King for which he was acting within the legitimate scope

of his employment with CSA, or an activity of King that was later ratified by CSA.[2] *Bostain v.*

*Westgate Lakes, LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *2-3 (M.D. Fla. June

14, 2011) ("Plaintiffs fail to assert that their *employer* engaged in the complained of activity

because the activity is not alleged to have been: (1) an illegal activity, policy, or practice of

Westgate; (2) an activity committed by a Westgate *employee* acting within he legitimate scope of

their employment; or (3) an activity of a Westgate *employee* that was later ratified by Westgate.

---

[2] Furthermore, Plaintiff also does not allege in his Second Amended Complaint that he objected to, or was subjected to, any illegal or unlawful law, policy, or practice once he was no longer reporting to King beginning in or around January 1, 2020.

CASE NO. 50-2020-CA-009624

By failing to allege that [plaintiff] objected to unlawful acts of her employer, Westgate, the Amended Complaint fails to allege that [plaintiff] engaged in statutorily protected expression."); *Sussan v. Nova Se. Univ.,* 723 So. 2d 933, 934 (Fla. 4th DCA 1999) ("Sussan's complaint did not allege that he was terminated for objecting to illegal activity of either the University or anyone acting within the legitimate scope of their employment or that the University ratified the illegal conduct of its employees."). Thus, Plaintiff's Count II should be dismissed.

While Plaintiff makes an allegation at paragraph 4 of his Second Amended Complaint that "Defendant King was acting, at least in part, within the course, scope, and authority of his employment" with CSA, that allegation is limited by paragraph 5 of the Second Amended Complaint, which alleges, "[w]henever [p]laintiff alleges that Defendant King was acting within the course, scope and authority of his employment with Defendant [CSA], Plaintiff will make the specific allegation in the body of the named cause of action." *See* Second Amended Complaint, ¶¶ 4-5. **Plaintiff conspicuously fails to make the allegation that King acted within the scope of his employment in Count II of the Complaint**. *See* Second Amended Complaint, ¶¶ 19-32.[3] Notwithstanding, pursuant to the FWA and generally "[u]nder Florida law, an employee acts, within the scope of his employment 'if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master." *Pinder v. Bahamasair Holdings Ltd., Inc.*, 661 F. Supp. 2d 1348, 1353 (S.D. Fla. 2009) (citing *Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992)—as discussed

---

[3] Plaintiff alleges with regard to his tortious interference claim that "Defendant King was <u>not</u> acting within the course and scope of his employment, but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer, Defendant Canon Solutions America." Second Amended Complaint, ¶ 34. Plaintiff's selective pleading is inconsistent and implausible. It appears that Plaintiff would have us believe that King was acting within the scope of his employment only when it suits his pleading necessity.

CASE NO. 50-2020-CA-009624

at length *supra*, Plaintiff has only alleged that he was subjected to "disparate racial treatment and retaliation" by King, but has failed to allege whether the alleged disparate treatment by King even occurred during working hours, at CSA's premises, or in part by a purpose to serve CSA; nor are the acts complained of by Plaintiff "of the kind [King was] employed to perform." Thus, Plaintiff's Count II should be dismissed as a matter of law.

### III. Plaintiff's Newly Asserted Count I, for Race Discrimination in Violation of Fla. Stat. § 760.10(1)(a) Is Insufficiently Pled And Should Be Dismissed As a Matter of Law.

The FCRA provides that it is unlawful for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." § 760.10(1)(a), Fla. Stat. (2004). Discrimination claims under the FCRA are governed by the same requirements of proof and the same analytical framework applicable to Title VII claims.[4] *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998) (FCRA discrimination claims). When the plaintiff claims that he was discriminated against on account of his protected status, he must properly allege four elements: "(1) that he is a member of the protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees who are not members of his class more favorably; and (4) he was qualified for the job at issue." *Buzzell,*

---

[4] FCRA is largely based on Title VII of the federal Civil Rights Act of 1964. *Woodham v. Blue Cross & Blue Shield of Fla., Inc.,* 829 So. 2d 891, 894 (Fla. 2002). Florida courts recognize that "if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as in federal courts to the extent the construction is harmonious with the spirit of the Florida legislation." *Winn–Dixie Stores, Inc. v. Reddick,* 954 So. 2d 723, 728 (Fla. 1st DCA 2007) (quoting *O'Loughlin v. Pinchback,* 579 So. 2d 788, 791 (Fla. 1st DCA 1991)).

CASE NO. 50-2020-CA-009624

*Jr. v. Florida Keys Ambulance Serv., Inc.*, No. 4:19-cv-10094, 2020 WL 2071956, at *3 (S.D. Fla. Apr. 29, 2020).

Plaintiff has failed to properly allege that CSA treated similarly situated employees who are not members of his protected class more favorably, and thus, Count I fails as a matter of law. Florida courts have held that to be similarly situated pursuant to the FCRA, the employees "must have reported to the same supervisor as the plaintiff, must have been subject to the same standards governing performance evaluation and discipline, **and must have engaged in conduct similar to the plaintiff's, without such differentiating conduct that would distinguish their conduct or the appropriate discipline for it**." *Valenzuela v. GlobeGround North America, LLC*, 18 So. 3d 17, 23 (Fla. 3d DCA 2009); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321,1326 n.17 (11th Cir. 2011) ("To be an adequate comparator, the preferentially treated individual must be from outside the plaintiff's protected class and has to be similarly situated in all respects. In order to be considered 'similarly situated,' the compared employees must have been 'involved in or accused of the same or similar conduct,' yet 'disciplined in different ways' for that conduct.") (Citations omitted).

A plaintiff's allegations that he is being treated differently than similarly situated employees solely because of race is not alone sufficient to state a claim. For example, in *Uppal v. Hospital of America,* 482 Fed. App'x 394, 396 (11th Cir. 2012), Plaintiff stated multiple claims for employment discrimination based on the repeated allegation that "[o]ther similarly situated employees outside Plaintiff's protected classes" engaged in similar misconduct but were not disciplined. The court noted that Plaintiff failed to allege disparate treatment with any factual detail, such as even a brief description of how **the alleged comparator employees were outside of her protected class**. Thus, the court dismissed the case, holding that Plaintiff alleged no facts

CASE NO. 50-2020-CA-009624

to support that gender, race or national origin played any role in the disparate treatment. *See also Jarquinn v. Naftali, Inc*, 2019 U.S. Dist LEXIS 220684, *2 (S.D. Fla. Dec 20, 2019) (dismissing the case without prejudice because the complaint "failed to factually allege how she and the employee who replaced her are 'similarly situated in all relevant respects.'"); *Henley v. Turner Broadcasting Sys., Inc.*, 267 F. Supp. 3d 1341, 1353 (N.D. Ga. 2017) (granting motion to dismiss race discrimination claim where plaintiff's "only reference to a comparator [was] her general allegation that 'other Caucasian executive assistants[] in the same department' worked fewer hours" because it failed to identify or describe the comparators in enough detail to show that plaintiff and employees were similarly situated in all relevant respects).

<u>Plaintiff fails to make even a single allegation that a similarly situated employee outside of his protected class was treated differently than him, much less provide factual support for such an allegation.</u> *See* Second Amended Complaint, ¶¶ 8-18. While Plaintiff alleges that CSA "evaluated plaintiff on unrealistic and unfair metrics", "ignored and ostracized plaintiff", "reassigned plaintiff's customers, and subsequent commissions, to other account executives" and "excluded plaintiff as the only employee who did not get their picture taken . . .", Plaintiff has failed to properly allege that other employees, who are similarly situated to Plaintiff, were not also treated the same way and that those other employees were outside of Plaintiff's protected class.

Further, many of Plaintiff's alleged facts in support of his race discrimination claim are conclusory. For example, Plaintiff alleges that CSA "creat[ed] a hostile work environment and "discriminatorily avoid[ed] Plaintiff . . . ." These are mere recitations of the elements of a claim for race discrimination and are insufficient to support same. *Stein v. BBX Capital Corp.*, 241 So. 3d 874, 875 (Fla. 4th DCA 2018) ("While we must accept the facts alleged as true and make all reasonable inferences in favor of the pleader [internal citations omitted], conclusory allegations

10

are insufficient."); *see also Fanfan v. Pediatric Servs. of Am., Inc.*, No. 10-60011-Civ, 2010 U.S. Dist. LEXIS 60304, 2010 WL 2471414, at *2 (S.D. Fla. June 17, 2010) (the court found dismissal of an employment discrimination claim was warranted where the plaintiff alleged no events or specific facts and simply stated the elements of a discrimination claim.); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (dismissing some of plaintiffs' claims where plaintiffs presented no facts to support the complaint's statement that plaintiffs were denied promotions and treated differently because of race).

Other allegations by Plaintiff such as his claims that he didn't get his picture taken or was "ignored" do not rise to the level of an adverse employment action. *See Joseph* v. Napolitano, 839 F. Supp. 2d 1324, 1336 (S.D. Fla. 2012) ("To prove adverse employment action in a case under Title VII's antidiscrimination clause, an employee must show a *serious and material* change in the terms, conditions, or privileges of employment. Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances") (internal citations and quotations omitted).

Most importantly, an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Abel v. Dubberly*, 210 F.3d 1334, n.5 (11th Cir. 2000) (internal citations omitted). Plaintiff's allegations (while denied by CSA) assert, at best, poor treatment by CSA. *See* Second Amended Complaint, ¶ 12 (d) ("Ignoring and ostracizing plaintiff"); *id.* at ¶ 12(e)("Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale"); *id.* at ¶ 12(f) ("Excluding Plaintiff as the only employee who did not get their picture taken for his role in the Hippocrates Health Institute Net

CASE NO. 50-2020-CA-009624

New Business Deal"); *id.* at ¶ 12(g) ("Terminating Plaintiff's employment without cause"). However, such allegations fall short of creating an inference of race discrimination under the FCRA, and thus, fail as a matter of law. *See Branscomb v. Sec'y of Navy*, 461 F. App'x 901, 906 (11th Cir. 2012) ("Absent discrimination based on [race], unfair treatment cannot be an unlawful employment practice under Title VII.").

Since Plaintiff amended his complaint in the face of Defendants' motion to dismiss his original Complaint and First Amended Complaint as it relates to the original Counts I (Alleged Violation of the FWA) and II (Alleged Tortious Interference with At-Will Employment), and has still failed to plead any viable cause of action, his Second Amended Complaint should be dismissed with prejudice and without any opportunity to replead.

WHEREFORE, Defendants Canon Solutions America, Inc. and Michael King respectfully request that their Motion to Dismiss Plaintiff's Second Amended Complaint be granted, and for such other relief as this Court deems just and proper.

Dated: March 29, 2021.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for Defendants Canon*
*Solutions America, Inc. and Michael King*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

By: */s/ Paul B. Ranis*
   **PAUL B. RANIS**
   Florida Bar No. 64408
   (ranisp@gtlaw.com; yeargin@gtlaw.com;
   FLService@gtlaw.com)
   **SABRINA D. NIEWIALKOUSKI**

12

CASE NO. 50-2020-CA-009624

Florida Bar No. 0123630
(niewialkouskis@gtlaw.com;
smithl@gtlaw.com; FLService@gtlaw.com)

**CERTIFICATE OF SERVICE**

I CERTIFY that on March 29, 2021 a copy of the foregoing was electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal System, which will send a notice of electronic filing and a copy to all known parties of record: **Andrew Obeidy, Esq.**, 2755 E. Oakland Park Blvd., Suite 225 Fort Lauderdale, FL 33306, Andrew@obdlegal.com.

By: */s/ Paul B. Ranis*
PAUL B. RANIS

13

Filing # 126570009 E-Filed 05/11/2021 12:40:21 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY FLORIDA

BRIAN DEAN, an individual,                          CASE NO. 50-2020-CA-009624

     Plaintiff,

v.

CANON SOLUTIONS AMERICA, INC.,
a National company, and MIKE KING,
an individual,

     Defendants.

_____/

<u>**SECOND AMENDED NOTICE OF SPECIAL SET HEARING**</u>

    **PLEASE TAKE NOTICE** that the undersigned attorney will call up for special set

hearing before the Honorable Donald Hafele, one of the Judges of the above-styled Court, Judge

Daniel T. K. Hurley Courthouse, 205 North Dixie Highway, West Palm Beach, FL 33401 [*Via*

*Zoom-Link Below*] on **May 17, 2021 at 11:30 a.m.** or as soon thereafter as counsel may be heard,

on:

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

_X__  Counsel has conferred with all parties who may be affected by the relief sought in the

motion in a good faith effort to resolve or narrow the issues raised.

_____  Counsel has made reasonable efforts to confer with all parties who may be affected by the

relief sought in the motion but has been unable to do so.

**1) The JA cannot cancel this hearing unless the issue is resolved; 2) No add-ons are**
**permitted; 3) Any Memorandums submitted are limited to 10 double-spaced pages; 4) Any**
**materials submitted are due at least 7 days prior to the hearing; and 5) The moving party is**
**required to bring to the hearing a blank proposed Order with copies and envelopes.**

    **PLEASE GOVERN YOURSELVES ACCORDINGLY.**

CASE NO. 50-2020-CA-009624

**NOTICE TO DISABLED PERSONS**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for Defendants Canon*
*Solutions America, Inc. and Michael King*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

By: */s/ Sabrina Niewialkouski*
　　**SABRINA D. NIEWIALKOUSKI**
　　Florida Bar No. 0123630
　　(niewialkouskis@gtlaw.com;
　　smithl@gtlaw.com; FLService@gtlaw.com)
　　**PAUL B. RANIS**
　　Florida Bar No. 64408
　　(ranisp@gtlaw.com; yeargin@gtlaw.com;
　　FLService@gtlaw.com)

## CERTIFICATE OF SERVICE

I CERTIFY that on May 11, 2021 a copy of the foregoing was electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal System, which will send a notice of electronic filing and a copy to all known parties of record: **Andrew Obeidy, Esq.**, 2755 E. Oakland Park Blvd., Suite 225 Fort Lauderdale, FL 33306, Andrew@obdlegal.com.

By: *s/ Sabrina Niewialkouski*
　　**SABRINA D. NIEWIALKOUSKI**

CASE NO. 50-2020-CA-009624

Class Action Court Reporters is inviting you to a scheduled Zoom meeting.
Topic: Dean v. Canon
Time: May 17, 2021 11:30 AM Eastern Time (US and Canada)
Join Zoom Meeting
https://us02web.zoom.us/j/85709072171?pwd=YjlvZ3JubWZtdW1BRERYUW0yRy9MZz09

Meeting ID: 857 0907 2171
Passcode: 865967
One tap mobile
+13126266799,,85709072171#,,,,*865967# US (Chicago)
+19292056099,,85709072171#,,,,*865967# US (New York)
Dial by your location
        +1 312 626 6799 US (Chicago)
        +1 929 205 6099 US (New York)
        +1 301 715 8592 US (Washington DC)
        +1 346 248 7799 US (Houston)
        +1 669 900 6833 US (San Jose)
        +1 253 215 8782 US (Tacoma)
Meeting ID: 857 0907 2171
Passcode: 865967
Find your local number: https://us02web.zoom.us/u/kvNzj0Ydl

Filing # 126674633 E-Filed 05/12/2021 02:26:39 PM

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A.**
2755 E. Oakland Park Blvd., Suite 225
Fort Lauderdale, Florida 33306
Telephone:     (305) 892-5454
Facsimile:     (954) 530-6953
Andrew@obdlegal.com
**Attorney for Plaintiff Brian Dean**

### IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
### IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **BRIAN DEAN** an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>**CANON SOLUTIONS AMERICA.,** a National Company, and **MIKE KING**, an individual,<br><br>    Defendants. | **CASE NO: 50-2020-CA-009624**<br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

### A.     INTRODUCTION

Plaintiff BRIAN DEAN (hereinafter referred to as "Plaintiff") was employed with Defendant CANON SOLUTIONS AMERICA, INC. (hereinafter referred to as "Defendant Canon") as a Senior Account Executive from October 2017 through June of 2020.  Throughout the course of his employment with Defendant Canon, Plaintiff was subjected to unlawful race discrimination, retaliation, and tortious interference with at-will employment.  Plaintiff filed his Complaint for Damages on September 8, 2020. Defendant Canon and Defendant King filed a joint Motion to Dismiss on September 29, 2020.  On November 3, 2020, Plaintiff filed a First Amended Complaint as a matter of course.  On November 11, 2020, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint.  On March 16, 2021, Plaintiff filed a Motion for Leave to File a Second Amended Complaint and an agreed order was subsequently entered

into granting same.  On March 29, 2021, Defendants filed a Motion to Dismiss Plaintiff's Second

Amended Complaint.   Plaintiff now files the instant Opposition to Defendant's Motion to

Dismiss Plaintiff's Second Amended Complaint, and in support thereof hereby states:

## II.      ARGUMENT

### A.      MOTION TO DISMISS STANDARD

A complaint must contain, *inter alia*, ". . . a short and plain statement of the ultimate facts

showing that the pleader is entitled to relief ..." Fla. R. Civ. P. 1.110(b)(2).  Generally, pleadings

are sufficient if they inform the Defendant of the nature of the cause against him. *Dawson v. Blue

Cross Assoc.*, 293 So. 2d 90 (Fla. 1st DCA 1974).  It is also incumbent upon the pleader to state

a cause of action alleging legal liability. *Messana v. Maule Industries, Inc.*, 50 So.2d 874 (Fla.

1951).

A motion to dismiss under Rule 1.140(b) (6) admits all well pleaded facts as true, as well

as reasonable inferences arising from those facts. *Vienneau v. Metropolitan Life Ins. Co.*, 548

So. 2d 856, 858 (Fla. 4th DCA 1989).  In ruling on a Motion to Dismiss a Complaint for Failure

to State a Cause of Action, the trial court must confine itself strictly to the allegations within the

four corners of the complaint. *Pizzi v. Central Bank & Trust Co.*, 250 So.2d 895, 897 (Fla. 1971);

*Wausau Ins. Co. v. Haynes*, 683 So.2d 1123, 1125 (Fla. 4th DCA 1996).

A Plaintiff drafting a complaint must "state a cause of action alleging legal liability."

*Wells v. Brown*, 303 So. 2d 395, 396 (Fla. 2d DCA 1974).  In the instant matter, the facts alleged

by Plaintiff amount to legal causes of action.

### B.      TORTIOUS INTERFERENCE WITH AT-WILL EMPLOYMENT IS A LEGALLY RECOGNIZED CAUSE OF ACTION UNDER FLORIDA LAW

Defendant's allegation that there is no such cause of action for "tortious interference with

at-will employment" does not present a complete statement of Florida law.  "The general rule

prevailing in this country [and this state] appears to be that merely because a person's employment is terminable at will, this fact will not relieve one whose wrongful act caused the employee to lose a position of gainful employment in which the jury could find that, so long as his work proved satisfactory, his employment would have continued, subject, of course, to any uncertainties of the business and of his ability to labor." *Mays v. Stratton*, 183 So.2d 43, 45 (Fla. 1st DCA 1966).

Plaintiff's well-pled complaint alleges that Defendant's King's interference was direct, unjustified, and caused him to loose a position of gainful employment. The fact that Plaintiff's gainful employment was at-will, does not, in and of itself, relieve Defendant of liability. *Perez v. Rivero*, 534 So.2d 914, 916 (Fla. 3rd DCA 1988) (citations omitted) ("Although the general rule is that an action will not lie where a party interferes with an at-will contract… direct and unjustified interference [] is actionable.").

This notion was affirmed by the court in *Stow* when it stated, "One's status as an employee terminable at-will will not, in and of itself, relieve from liability an employer whose independent wrongful act caused the employee to lose a position of gainful employment." (*See Stow v. National Merchandise Co.*, 610 So.2d 1378, 1382 (Fla 1st DCA 1992). The Third District Court of Appeals also affirmed this long-standing principle in *Perez*, holding that a person who is not a party to a contract can tortuously interfere with an at-will contract when it stated, "Although the general rule is that an action will lie where a party tortuously interferes with a contract terminable at will, it is only direct and unjustifiable interference that is actionable." (See *Perez v. Rivero*, 534 So.2d 914, 916 (Fla. 3rd DCA 1988).

The Court in *Ferris* likewise stated, "The general rule is that an action for tortious interference will not lie where a party interferes with an at-will contract such as the one involved here … It is only where interference with an at-will relationship is direct and unjustified that such

interference is actionable. (See *Perez v. Rivero*, 534 So. 2d 914, 916 (Fla. 3d DCA 1988)." (*See Ferris v. South Fla. Stadium Corp.*, 926 So.2d 399, 401–402 (Fla. 3d DCA 2006)).

Nor does it make any difference in the instant matter that Defendant King was Plaintiff's supervisor. The Defendants have failed to acknowledge that Florida courts have dictated that a supervisor is a third party to an employment contract if (1) the officer is not acting within the scope of his functions and (2) the officer's motivations were malicious. *Muller v. Stromberg Carlson Corp*, 427 So.2d 1188 (Fla. 2d DCA 1983). The Court in *Rudnick* described that current state of Florida Law by stating, "Florida courts have established that in the context of a managerial or supervisory employee terminating a Plaintiff's employment, an action will **usually** not lie against the terminating employee because he/she is considered a party to the employment relationship." *See West v. Troelstrup*, 367 So.2d 253, 255 (Fla. 1st DCA 1979) (emphasis added); *Doyal v. School Board of Liberty County*, 415 So.2d 791 (1st DCA 1982). However, Florida courts have also clarified that the privilege to interference "enjoyed by a party that is integral to the business relationship is not absolute. ***The privilege is divested when the defendant acts solely with ulterior purposes and the advice is not in the principal's best interest.*** (*See Rudnick v. Sears Roebuck and Co.*, 358 F. Supp. 2d 1201 (S.D. Fla 2005). Here, Plaintiff has alleged that Defendant acted with ulterior purposes and without an honest belief that his actions would benefit the principal, his employer Canon Solutions (Complaint, ¶ 30).

Defendants do not present the complete statement of Florida law in their Motion to Dismiss. Tortious interference with an at-will employment relationship is a legally recognized cause of action under Florida Law, and Plaintiff has alleged facts that sufficiently state a plausible claim for relief thereunder. Plaintiff has adequately pled a claim for tortious interference as against Defendant King because he has pled (1) the interference with the at-will relationship was direct

and unjustified; and (2) the actions of Mr. King were done with ulterior purposes and as such, Defendant King is not protected from liability.   Based on the foregoing, Plaintiff respectfully requests that Defendant's Motion to Dismiss Count II be overruled in its entirety.

**C.    PLAINTIFF HAS ADEQUATELY PLED A CLAIM FOR VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT BY ALLEGING FACTS THAT ESTABLISHED HE ENGAGED IN A PROTECTED ACTIVITY**

In order to state a claim under the Florida Whistleblower Act a Plaintiff must allege that (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was a casual link between the events.   Plaintiff has sufficiently alleged all three elements.

Specifically, in paragraph 13 of Plaintiff's Complaint, Plaintiff alleges that throughout the course of his employment he issued lawful complaints about disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King.   In paragraph 14, Plaintiff further alleges that he issued those complaints both verbally and in writing and identifies by name the exact supervisor he issued those complaints to.

In their Motion to Dismiss, Defendant alleges Plaintiff failed to identify a violation of a law, rule or regulation that was complained about.   Defendant seems to be arguing either; that race discrimination is not a violation of law, or that Plaintiff's complaint should be evaluated by a heightened standard than what is required of him at the pelading stage.   Plaintiff is required to allege a "short and plain statement showing that he is entitlted to relief".   Plaintiff is *not* required to spell out every fact and detail underlying this allegation.   Plaintiff has identified the violation of law that he complained about (Complaint, ¶13), when he complained (*Id.*), how he complained (*Id.* at ¶14), and to whom he complained (*Id.*).   These factual allegations are not legal conconclusions.   They are facts that suffiently allege that Plaintiff engaged in a protected activity.

and sufficienty put Defendant on notice of the claims against him.  As such, Plaintiff respectufully requests that Defendant's Motion to Dismiss as to Count I be overruled.

**D.     PLAINTIFF HAS ADEQUATELY PLED A CLAIM FOR VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT BY ALLEGING FACTS THAT ESTABLISHED HE ENGAGED IN A PROTECTED ACTIVITY**

Defendant further alleges that Count I should be dismissed because Plaintiff failed to reallege that Defendant King was acting within the course and scope of his employment when the conduct he complained of occurred.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added). Here, Plaintiff issued lawful complaints about race discrimination he was subjected to, during the course of his employment, by Plaintiff's direct supervisor at his job, Mike King.

To argue that Plaintiff has not alleged that Mike King discriminated against Plaintiff "during the course of scope of his employment" strains logic.  Defendant seems to be alleging the discriminatory conduct could have occurred outside of working hours, outside of the building, or otherwise outside of the scope of his duties.  This insinuation runs contrary to the facts alleged. Common sense dictates that the conduct he complained of, race discrimination, took place inside of the course and scope of his employment.   As such, Plaintiff respectfully requests that Defendant's Motion to Dismiss be overruled.

**III.    CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully requests Defendant Canon Solutions America's Motion to Dismiss Plaintiff's Complaint be denied, or in the alternative, Plaintiff requests leave to amend said cause of action if the Court finds Plaintiff has not sufficiently plead this cause of action.

1

2
Respectfully submitted,

3
**OBEIDY & ASSOCIATES, P.A.**

4
*/s/ A. Andrew OBeidy*

5
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff Brian Dean

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 12th day of May 2021, a true and correct copy of the foregoing has been filed with this Court via Florida E-Filing Portal and served via electronic mail to the parties of record in the E-Filing Portal.

By: /s/ Andrew Obeidy
Andrew Obeidy, Esq.

Filing # 127007169 E-Filed 05/18/2021 10:51:16 AM

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A**
2755 E. Oakland Park Blvd, Suite 225
Fort Lauderdale, Florida 33306
Telephone:     (305) 892-5454
Andrew@obdlegal.com
**Attorney for Plaintiff Brian Dean**

### IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
### IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **BRIAN DEAN**, an individual, | **CASE NO.:** 50-2020-CA-009624 |
| Plaintiff, | **NOTICE OF UNAVAILABILITY** |
| vs. | |
| **CANON SOLUTIONS AMERICA, INC.**, a National Company; and **MIKE KING**, an individual, | |
| Defendants. | |

PLEASE TAKE NOTICE that the undersigned attorney will be unavailable on the

following dates:

**June 25, 2021 - July 12, 2021**

WHEREFORE, the undersigned counsel respectfully requests that no hearings or

depositions be scheduled during these times; no motions, notices to produce, interrogatories or

pleadings be filed which require a timely response during these times; and that all pending

matters remain in status quo during these time periods, except for legitimate emergencies.

Respectfully submitted this 18th day of May 2021.

By: **/s/ Andrew Obeidy**
Andrew Obeidy, Esq.
**Obeidy & Associates, P.A**
2755 E. Oakland Park Blvd.
Suite 225
Fort Lauderdale, FL 33306

Email: andrew@obdlegal.com

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 18th day of May 2021, a true and correct copy of the foregoing has been filed with this Court via Florida E-Filing Portal and served via electronic mail to the parties identified as attorneys of record in the E-Filing Portal and the Service List Below as of the date of this filing.

By: */s/ Andrew Obeidy*
Andrew Obeidy, Esq.

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY FLORIDA

BRIAN DEAN, an individual,

       Plaintiff,

v.

CANON SOLUTIONS AMERICA, INC.,
a National company, and MIKE KING,
an individual,

       Defendants.

_____/

CASE NO. 50-2020-CA-009624

**ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

THIS CAUSE came before the Court on Defendants Canon Solutions America, Inc.

("CSA") and Mike King's ("King" and together with CSA, the "Defendants") Motion to Dismiss

Plaintiff's Second Amended Complaint (the "Motion"), and the Court having reviewed the

Motion, Plaintiff Brian Dean's ("Plaintiff") Opposition, having carefully reviewed the court

record, having heard argument of Plaintiff and Defendants' counsel at the hearing on May 17,

2021, and being otherwise fully advised in the premises does hereby **ORDER** and **ADJUDGE**:

    1.    The Motion is **GRANTED** for the reasons set forth on the record at the May 17,

2021 hearing and as further set forth in this Order.

    2.    Count I, for race discrimination in violation of Fla. Stat. 760.10(1)(a) against CSA

is dismissed without prejudice with leave to amend[1]; Count II, for violation of Florida's Private

Sector Whistleblower Act, Fla. Stat. 448.101 against CSA is dismissed without prejudice with

---

[1] Plaintiff's claim fails because he has failed to allege that his employer treated similarly situated
employees who were not members of his class more favorably. *Valenzuela v. GlobeGround North
America, LLC*, 18 So. 3d 17, 23 (Fla. 3d DCA 2009).

leave to amend[2]; Count III, for tortious interference with at-will employment against King, is dismissed **with prejudice**.

3.     The Court hereby finds that any attempt to state a cause of action against King for tortious interference with an at-will employment relationship would be unsupported by Florida law. As a general matter, "an action for tortious interference will not lie where a party interferes with an at-will contract." *Ferris v. S. Fla. Stadium Corp.*, 926 So. 2d 399, 401-402 (Fla. 3d DCA 2006); *Greenberg v. Mount Sinai Med. Ctr. Of Greater Miami, Inc.*, 629 So. 2d 252, 255 (Fla. 3d DCA 1993) (noting that "[t]he general rule is that an action for tortious interference will not lie where a party tortiously interferes with a contract terminable at will"); *Perez v. Rivero,* 534 So. 2d 914, 916 (Fla. 3d DCA 1988).

4.     Further, Plaintiff is unable to maintain a tortious interference cause of action against King because he was not a third-party or stranger to the employment relationship between Plaintiff and CSA—**he was Plaintiff's supervisor.** *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742* So. 2d 381, 386 (Fla. 4th DCA 1999); *see* Second Amended Complaint, ¶ 35(a). "A defendant is not a 'stranger' to a business relationship if the defendant 'has any beneficial or economic interest in, or control over, that relationship.'" *Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.,* 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009) (citation omitted). A party cannot be liable for tortious interference "when it has a supervisory interest in how the relationship is conducted." *Id.; see also Wackenhut Corp. v. Maimone,* 389 So. 2d 656 (Fla. 4th DCA 1980)

---

[2] Plaintiff has failed to sufficiently allege that he objected to or refused to participate in an illegal activity, policy, or practice of CSA, namely, one which violates a law, rule, or regulation. *See Schultz, Jr. v. Tampa Elec. Co.*, 704 So. 2d 605, 606 (Fla. 2d DCA 1997) (affirming dismissal of action based on plaintiff's failure to identify in his pleadings the violation by plaintiff of any law, rule, or regulation.).

(reversing and remanding for judgment finding no tortious interference with an at-will employment contract).

5.      Further, the actions alleged by Plaintiff to support a tortious interference by King, are on their face, within the scope of King's employment. *See, e.g.,* Second Amended Complaint, ¶ 35(a) ("Refusing and/or failing to provide Plaintiff with the managerial support he needed . . ."); *id.* at ¶ 35(b) ("Refusing and/or failing to respond to Plaintiff's work-related emails and calls"); *id.* at ¶ 35(c) ("Failing to show up to scheduled meetings . . . "); *id.* at ¶ 35(d) ("Failing to timely provide Plaintiff with necessary paperwork . . ."); *id.* at ¶ 35(e) ("Failing to complete weekly checks in Plaintiff in violation of Canon company policy"); *id.* at ¶ 35(f) ("Failing to . . . assist Plaintiff with various clients and accounts"); *id.* at ¶ 35(g) ("Sending false emails to his superiors that Plaintiff was 'not in the office'"); *id.* at ¶ 35(h) ("Re-assigning Plaintiff's customers . . ."); *see also Desvarieux v. Bridgestone Retail Operations, LLC*, 300 So. 3d 723, 728 (Fla. 3d DCA 2020) ("Even unauthorized conduct may be [considered] within the scope of employment . . . if it is of the same general nature as that [which is] authorized [and/]or is incidental to the conduct authorized.")(internal quotations omitted).

6.      Plaintiff shall have twenty (20) days from the date of this order to file a third amended complaint as to Counts I and II.

7.      Defendant Mike King is hereby dismissed from this action with prejudice. The caption to this case shall be hereby amended to exclude Defendant Mike King.

**DONE** and **ORDERED** Palm Beach County, Florida.

502020CA009624XXXXMB   05/20/2021
Donald Hafele
Circuit Judge

3

Copies to:

Paul B. Ranis, Esq., Sabrina D. Niewialkouski, Esq., 401 E. Las Olas Blvd. Suite 2000 Fort Lauderdale, Fl 33304, ranisp@gtlaw.com, niewialkouskis@gtlaw.com, smithl@gtlaw.com, yeargina@gtlaw.com, FLservice@gtlaw.com

Andrew Obeidy, Esq., Obeidy & Associates, P.A., 115 NE 3rd Ave. Suite 708 Fort Lauderdale, Florida 33301, andrew@obdlegal.com

Filing # 127936775 E-Filed 06/02/2021 11:49:13 AM

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A.**
115 Northeast 3rd Avenue, Suite 708
Fort Lauderdale, Florida 33301
Telephone:     (305) 892-5454
Telephone:     (954) 530-6953
Facsimile:     (954) 206-6955
Andrew@obdlegal.com
**Attorney for Plaintiff Brian Dean**

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **BRIAN DEAN**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CANON SOLUTIONS AMERICA, INC.**, a National Company,<br><br>Defendant. | **CASE NO.: 50-2020-CA-009624-XXXX-MB**<br><br>**THIRD AMENDED COMPLAINT**<br><br>1. **Race Discrimination – Violation of Fla. Stat. §760.10(1)(a)** as against Canon Solutions America<br>2. **Violation of the Florida Whistleblower Act (Fla. Stat. §448.101)** as against Canon Solutions America |

## PRELIMINARY ALLEGATIONS

### (Parties)

1. Plaintiff Brian Dean hereinafter referred to as "Plaintiff") is an individual residing in the county of Palm Beach, state of Florida.

2. Plaintiff alleges Canon Solutions America, Inc. (hereinafter referred to as "Defendant Canon"), is, and at all times material hereto was, a multi-national company, authorized to do business and doing business in, the state of Florida.

### (Venue)

3. The contracts alleged herein were entered into in the county of Palm Beach, state of Florida, the acts and transactions herein alleged took place in the county of Palm Beach,

state of Florida.

**(Jurisdiction)**

4.   This is an action for damages in excess of the sum of thirty thousand dollars ($30,000.00) exclusive of interest, costs and/or attorneys' fees.

**FIRST CAUSE OF ACTION**
**Race Discrimination – Violation of Fla. Stat. §760.10(1)(a)**

5.   Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 4 above, as though fully set forth at length herein.

6.   At all times material hereto, all provisions of the Florida Civil Rights Act ("FCRA") were in full force and effect and were binding on Defendant Canon.

7.   At all times material hereto, Plaintiff was an Employee of Defendant Canon and Defendant Canon was an Employer as defined by Fla. Stat. §760.02(7).

8.   During Plaintiff's employment with Defendant Canon, through the conduct of its agents, servants, and/ or employees, Defendant Canon discriminated against Plaintiff on the basis of his race (African American) and subjected Plaintiff to adverse employment action on the basis of his race (African American).  None of Plaintiff's similarly situated Caucasian colleagues were treated the same way.

9.   Submission to the conduct alleged below was an implicit part of Plaintiff's employment with Defendant Canon.  The race discrimination suffered by the Plaintiff as a result of Defendant Canon conduct included, but was not limited to:

   a)   Creating a hostile work environment for Plaintiff based on his race (African American);

   b)   Discriminatorily avoiding Plaintiff and withholding necessary managerial support necessary to complete the duties and functions of his job;

c)   Evaluating Plaintiff on unrealistic and unfair metrics that did not account for the documented lack of support he received;

d)   Ignoring and ostracizing Plaintiff;

e)   Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale;

f)   Excluding Plaintiff as the only employee who did not get their picture taken for his role in the Hippocrates Health Institute Net New Business Deal; and

g)   Terminating Plaintiff's employment without cause.

10.   Plaintiff's similarly situated Caucasian colleagues were not treated the same way. Canon employees outside of Plaintiff's protected class, including, but not limited to, Deborah Burton, Thomas Capraro, Caroline Beeuwkes, Tomy Anagnostu, Thomas Sheehan, and Jimmy Byrne Jr., reported to the same direct supervisor but were treated more favorably. Specifically, Plaintiff's colleagues were given the support necessary to complete the basic functions of their job, were not evaluated on unfair and unrealistic metrics, were not ignored and ostracized, their accounts were not re-assigned to other employees without cause, they were not willfully excluded from Company photos, and they were not terminated without cause.

11.   Plaintiff filed timely charges of race discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. In his charge, Plaintiff set forth examples of Defendant Canon's unlawful discrimination. Plaintiff's six (6) month waiting period before filing said lawsuit has expired. Therefore, Plaintiff has exhausted all of his administrative remedies.

12. As a direct and proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, compensatory damages, lost wages and other employee benefits, all to his detriment, in an amount to be shown according to proof.

13. As a further proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to his detriment, in an amount to be shown according to proof.

14. Defendant Canon committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights. Plaintiff, pursuant to Fla. Stat. §760.11(5), is entitled to recover punitive damages from Defendant Canon in the amount of one hundred thousand dollars ($100,000.00) without first seeking leave of court.

15. Plaintiff, pursuant to Fla. Stat. §760.11(5), is also entitled to recover reasonable attorneys' fees and costs of said suit in an amount to be shown according to proof.

16. Plaintiff demands judgment against Defendant Canon, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §448.101
### (As against Defendant Canon Solutions America)

17. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 4 above, as though fully set forth at length herein.

18. This is an action for violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §§448.102(3), which provides in pertinent part as follows:

   Prohibitions – An employer may not take any retaliatory personnel action against an employee because the employee has:

   (3)     Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

19. At all times material hereto, Plaintiff was an Employee as defined by Fla. Stat. §448.101(2).

20. At all times material hereto, Defendant Canon Solutions America, LLC was an Employer as defined by Fla. Stat. §448.101(3).

21. At all times material hereto, Plaintiff held the title of Senior Account Executive. Plaintiff was qualified for the position he held and worked diligently during his employment.

22. Throughout his employment with Defendant Canon, Plaintiff issued lawful complaints to Defendant Canon regarding disparate racial treatment and retaliation he was subjected to by his direct supervisor, Defendant King. Race Discrimination in employment, the conduct complained about by Plaintiff, is a violation of both the Civil Rights Act of 1964 and the Florida Civil Rights Act.

23. Plaintiff issued these complaints in both verbally and in writing to Defendant Canon's Human Resource Department and Defendant Canon's South Florida Sales Director, Robert Chain.

24.    Defendant Canon violated Florida's Private Sector Whistleblower Act when it retaliated against Plaintiff for issuing the above-mentioned lawful complaints, through the conduct 2of its agents, servants, and/or employees.

25.    The retaliatory conduct taken against Plaintiff by Defendant Canon included, but was not limited to:

    a)    Refusing to follow up on or investigate Plaintiff's complaints;

    b)    Failing to reassign Plaintiff;

    c)    Continuing to withhold necessary managerial support necessary to complete the duties and functions of his job;

    d)    Evaluating Plaintiff on unrealistic and unfair metrics that did not account for the documented lack of support he received;

    e)    Ignoring and ostracizing Plaintiff;

    f)    Re-assigning Plaintiff's customers, and subsequent commissions, to other account executives not previously involved in facilitating the sale;

    g)    Excluding Plaintiff as the only employee who did not get their picture taken for his role in the Hippocrates Health Institute Net New Business Deal;

    h)    Terminating Plaintiff's employment without cause;

26.    Defendant Canon's actions as described above in Paragraph 16 violated Fla. Stat. §448.102 and constituted a prohibitive employment practice.

27.    As a direct and proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future

income, loss of retirement benefits, compensatory damages, lost wages and other employee benefits, all to his detriment, in an amount to be shown according to proof.

28.   As a further proximate result of Defendant Canon's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to his detriment, in an amount to be shown according to proof.

29.   Moreover, as a result of Defendant Canon's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Fla. Stat. §448.104.

30.   Plaintiff demands judgment against Defendant Canon Solutions America, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## PRAYER FOR RELIEF AS AGAINST CANON SOLUTIONS AMERICA, LLC.

**WHEREFORE**, Plaintiff prays judgment against Defendant Canon, as follows:

1.   For economic damages, including but not limited to, back pay, front pay, and lost wages for the first cause of action in an amount to be shown according to proof;

2.   For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other general damages for the first cause of action, in an amount to be shown according to proof;

3.   For reasonable attorneys' fees in an amount to be shown according to proof;

4.   For an award of interest, including prejudgment interest, at the legal rate;

5.   For costs and fees of suit herein incurred; and

6.   For such other and further relief as this Court deems proper.

Dated this 2nd of June, 2021.

Respectfully submitted,

**OBEIDY & ASSOCIATES, P.A.**

*/s/ A. Andrew OBeidy*
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff Brian Dean